**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A. | ) | |
| | ) | Case No. 21-cv-02576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC | ) | Hon. Magistrate Judge Maria Valdez |
| and BOULDER HILL APARTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**JOINT STATUS REPORT**

NOW COME Defendants, Ruben Ybarra ("Ybarra"), YRY Holdings, LLC ("YRY") and

Boulder Hill Apartments, LLC ("Boulder Hill") (collectively, "Defendants") by their attorney,

Rakesh Khanna and Plaintiff, Centrust Bank, N.A., by its attorney, Adam B. Rome, and submit

this Joint Status Report, as follows:

**I.     Nature of the Case**

    **A.     Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

        **Adam Brent Rome**
        Greiman Rome & Griesmeyer LLC
        205 West Randolph
        Suite 2300
        Chicago, IL 60606
        312 428 2740                LEAD ATTORNEY
        Email: arome@grglegal.com      ATTORNEY TO BE NOTICED

        **Zachary Mulcrone**
        Greiman, Rome & Griesmeyer, LLC
        205 West Randolph St.
        Ste. 2300
        Chicago, IL 60606
        (312) 428-2746
        Email: zmulcrone@grglegal.com    ATTORNEY TO BE NOTICED

**Represent Plaintiff, Centrust Bank, N.A.**

--------------------------------------------------------------------------------------------------

**Christopher V. Langone, Esq.**
PO Box 5087
Skokie, IL 60077
312-720-9191                                    LEAD ATTORNEY
Email: LangoneLaw@gmail.com

**Rakesh Khanna, Esq.**
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
312-663-0004
Email: rakesh@weissberglaw.com              ATTORNEY TO BE NOTICED

**Represent Defendants, Ruben Ybarra,**
**YRY Holdings, LLC, and**
**Boulder Hill Apartments, LLC**

------------------------------------------------------------------------------------

B.    **Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third-party claims.**

Plaintiff asserts damages claim against Defendants for alleged abuse of process in connection with the defense of state-court collection litigation instigated against Defendants. In addition, Plaintiff seeks a declaration that its own conduct in that litigation does not amount to abuse of process or malicious prosecution. Defendant disputes that a declaratory judgment is appropriate

C.    **Briefly identify the major legal and factual issues in the case.**

Defendants have moved to dismiss the Complaint under Rule 12(b)(1) and Rule 12(b)(6). With respect to that motion, the major legal and factual issues include whether there is Article III jurisdiction, whether the dispute is ripe, whether discovery is "process" for purposes of the tort of abuse of process, whether Plaintiff has alleged the jurisdictional amount in controversy, and whether Plaintiff has properly alleged the citizenship of YRY

Holdings, LLC.

Once this matter proceeds past the pleading stage, the major legal and factual issues

will include:

- Ybarra's ownership and control of certain entities and apartment buildings (including whether Ybarra is an "alter ego" of certain entities). Defendants dispute this is a relevant fact;

- Ybarra's alleged use of straw entities. Defendants dispute this is a relevant fact.

- The parties' conduct in the collection litigation;

- Alleged coordination between Ybarra and other entities in the collection proceedings. Defendants deny coordination and that this is a relevant fact;

- Defendants' threats of litigation against Centrust. Defendants dispute this is a relevant fact;

- Whether Centrust commenced or continued any cause of action against Defendants in the collection litigation with malice or without probable cause. Defendants deny this is a ripe dispute;

- Whether Defendants have any valid claim against Centrust for malicious prosecution or otherwise concerning the collection litigation or the subject apartments. Defendants deny this is a ripe dispute, no malicious prosecution case has been filed;

- Whether Centrust had any ulterior motive or purpose for pursuing any of the matters it pursued in the collection litigation. Defendants deny this is a ripe dispute, no malicious prosecution case has been filed;

- Whether Centrust employed any legal process in the collection litigation that was not proper in the regular course of those proceedings. Defendants deny this is a ripe dispute, no malicious prosecution case has been filed;

- Whether Defendants have a valid claim against Centrust for abuse of process or otherwise concerning the collection litigation or the subject apartments. Defendants deny this is a ripe dispute, no malicious prosecution case has been filed;

- Whether Defendants abused process against Centrust in the collection litigation. Defendants deny Plaintiff states a claim.

### D. Relief sought

Plaintiff seeks monetary damages for attorneys' fees and expenses it incurred due to Defendants' alleged abuse of process. These attorneys' fees total over $75,000. Defendants, dispute the amount in controversy. Defendants contend this is not alleged in the Complaint.

In addition, Plaintiff seeks a declaratory judgment concerning Defendants' threats and allegations that Plaintiff committed abuse of process and malicious prosecution against Defendants.

## II. Jurisdiction

### A. Identify all federal statutes on which federal question jurisdiction is based.

None.

### B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction

*(1) State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute)*

Plaintiff seeks monetary damages for attorneys' fees and expenses it incurred due to Defendants' alleged abuse of process. Defendants contend this is not alleged in the Complaint. These attorneys' fees total over $75,000. Defendants, dispute the amount in controversy. Defendants contend this is not alleged in the Complaint.

In addition, Plaintiff seeks a declaratory judgment concerning Defendants' threats and allegations that Plaintiff committed abuse of process and malicious prosecution against Defendants. Defendants contend this alleged abuse of process and malicious prosecution caused them injury in excess of $75,000. Defendants deny any abuse of process. No

malicious prosecution claim has been alleged in the Complaint.

> *(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.*

- Centrust is a citizen of Illinois.

- Ybarra is a citizen of Texas.

- YRY is a Delaware limited liability company. Plaintiff contends Ybarra owns, directly or indirectly, 100% of YRY's membership interests and that any, in any event, YRY's members are all citizens of Texas either because they are individuals that resides in Texas with the intent to remain, or because they are trusts with trustees that reside in Texas with the intent to remain.

- BHA is an Illinois limited liability company with only one member: Therefore, BHA's citizenship is identical to YRY's citizenship.

Defendants contend that Centrust has not properly alleged the citizenship of YRY by identifying its members and their citizenship.

## III. Status of Service

On May 12, 2021, Plaintiff filed its Complaint to initiate the above-referenced case against the Defendants. On May 27, 2021, YRY was served with the Summons and Complaint. On May 28, 2021, BHA was served with the Summons and Complaint. On June 23, 2021, Ybarra was served with the Summons and Complaint.

## IV. Consent to proceed before a United States Magistrate

Counsel have advised their clients of the option to proceed before a United States Magistrate. At this time, the parties do not unanimously consent to proceed before a United States Magistrate.

## V. Motions

On July 22, 2021, Defendant filed its Combined Motion to Dismiss Pursuant to Fed. R.

Civ. P. 12(b)(1) and 12(b)(6). [Dkt. No. 16].

## VI. Case Plan

### A. MIDP

Because the MIDP pilot program has ended, the parties are treating this as a non-MIDP case.

### B. Proposed Discovery Plan

The discovery in this case will include first party document requests, interrogatories, and depositions. Discovery will also include third-party document subpoenas and third-party depositions. In addition, the parties may engage in expert discovery.

Defendants do not believe any discovery is needed or should proceed until jurisdictional questions are resolved. Subject to that objection, Defendants propose the following timeline:

- o Written Discovery to be Initiated by October 15, 2021

- o Fact Discovery Close Date – March 31, 2022

- o Expert Discovery Deadline – July 31, 2022 (Expert reports to be delivered by April 30, 2022, and rebuttal reports by May 31, 2022)

- o Dispositive Motions by August 31, 2022

Plaintiff agrees to the above deadline, but further proposes September 17, 2021 as the due date for Rule 26(a)(1) disclosures.

### C. Trial

- o Both Plaintiff and Defendants have made a jury demand.

- o The probable length of trial is four days.

## VII.    Status of Settlement Discussions

The parties are not in agreement that a settlement conference would be useful at this time.  Settlement discussions have broken down.

**RUBEN YBARRA, YRY HOLDINGS, LLC** and
**BOULDER HILL APARTMENTS, LLC**, Defendants

By**:**      /s/ Rakesh Khanna
        One of their attorneys

Rakesh Khanna, Esq.
564 W. Randolph St., 2nd Floor
Chicago, IL  60661
T. 312-663-0004
Email: rakesh@weissberglaw.com
Attorney No. 6243244

**CENTRUST BANK, N.A.**, Plaintiff

By**:**      /s/ Adam B. Rome
        One of its attorneys

Adam B. Rome, Esq.
Greiman Rome & Griesmeyer LLC
205 West Randolph, Suite 2300
Chicago, IL 60606
Email: arome@grglegal.com

## CERTIFICATE OF SERVICE

I, Rakesh Khanna, certify that on July 27, 2021, I caused the foregoing **JOINT STATUS REPORT** to be filed electronically. Notice of these filings was sent to all parties registered with the court's CM/ECF electronic transmission system, including to the following parties:

Adam Brent Rome, Esq.
Zachary Mulcrone, Esq.
Greiman Rome & Griesmeyer LLC
205 West Randolph, Suite 2300
Chicago, IL 60606
Email: arome@grglegal.com; zmulcrone@grglegal.com

/s/ Rakesh Khanna
Rakesh Khanna
