IN THE UNITED STATES DISTRICT COURT
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRUST BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-cv-2576 |
| | ) | |
| RUBEN YBARRA, et al., | ) | Judge Sara L. Ellis |
| | ) | |
| Defendants. | ) | |
| | ) | |
| CNTRUST DEBT RECOVERY, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 21-cv-2702 |
| | ) | |
| RUBEN YBARRA, et al., | ) | Judge Sara L. Ellis |
| | ) | |
| Defendants, | ) | |

**CENTRUST'S MOTION TO CONSOLIDATE DISCOVERY**

Plaintiff, Centrust Bank, N.A. ("Centrust" or the "Bank"), for its motion to consolidate discovery (the "Motion"), states as follows:

**I. BACKGROUND**

1. On August 30, 2021, *CNTRST Debt Recovery, et al. v. Ybarra, et al.*, Case No. 21-cv-2702 (the "CDR Case") was reassigned to this Court as related to *Centrust Bank, N.A. v. Ybarra, et al.,* Case No. 21-cv-2576 (the "Centrust Case"). (Centrust Case Dkt. 23.) The CDR Case and Centrust Case both relate to the same basic events. They involve many common questions of fact and law.

2. In the Centrust Case, the Bank alleges Defendants Ruben Ybarra ("Ybarra"), YRY Holdings, LLC ("YRY"), and Boulder Hill Apartments, LLC ("BHA") colluded with PTCV Development, LLC ("PTCV") to perpetuate a fraud during a state court post-judgment proceeding before the Honorable Patrick Hennigan (the "Post-Judgment Proceedings"). (Centrust Case Dkt.

1 at ¶¶ 9-11.) Specifically, Centrust alleges Ybarra had PTCV, YRY, and BHA pose as adversaries in the Post-Judgment Proceedings to: (1) prolong the proceedings; (2) use them as a discovery vehicle for their anticipated malicious-prosecution suit; and (3) engineer a resolution of the Post-Judgment Proceedings to bolster their anticipated suit. (*Id.*) Although their efforts to defraud Judge Hennigan in the Post-Judgment Proceedings ultimately failed, Ybarra, PTCV, YRY, and BHA (collectively, the Ybarra Parties) did manage to prolong the Post-Judgment Proceedings long enough to issue several abusive discovery requests to Centrust and others. (*Id.*) Centrust is seeking to recover damages from Ybarra, YRY and BHA for their abuses of process during the Post-Judgment Proceedings. (*Id.*)

3. In the CDR Case, Plaintiffs CNTRST Debt Recovery ("CDR") and Bruce Teitelbaum ("Teitelbaum") (collectively, the "CDR Parties") are also seeking to recover damages from Ybarra, YRY, and BHA related to their abuses of process during the Post-Judgment Proceedings. (CDR Case Dkt. 1 at ¶¶ 9-13.) The CDR Parties' allegations are nearly identical to the Bank's allegations. Like the Bank, the CDR Parties allege Ybarra had PTCV, YRY, and BHA pose as adversaries in the Post-Judgment Proceedings to: (1) prolong the proceedings; (2) use them as a discovery vehicle for their anticipated malicious-prosecution suit; and (3) engineer a resolution of the Post-Judgment Proceedings to bolster their anticipated suit. (*Id.*) And, like the Bank, the CDR Parties allege they were targeted by abusive discovery requests during the Post-Judgment Proceedings. (*Id.*) Thus, the CDR Case stems from the same basic events as the Centrust Case and involves similar legal issues.

4. On April 28, 2022, the following third-party subpoenas were served on the following recipients requesting documents followed by an oral examination.

- **PTCV DEVELOPMENT LLC**: c/o Monica C. O'Brien., 53 W. Jackson Blvd., Suite 1442, Chicago, Illinois 60604; (312) 427-1558

- **PTCV DEVELOPMENT MANAGER, INC**.: c/o Monica C. O'Brien., 53 W. Jackson Blvd., Suite 1442, Chicago, Illinois 60604; (312) 427-1558.

- **GREGORY K. STERN, P.C**.: c/o Monica O'Brien, 53 W. Jackson Blvd., Suite 1442, Chicago, Illinois 60604; (312) 427-1558.

- **GREGORY K. STERN**: 53 W. Jackson Blvd., Suite 1442, Chicago, Illinois 60604; (312) 427-1558.

- **MONICA C. O'BRIEN**: 53 W. Jackson Blvd., Suite 1442, Chicago, Illinois 60604; (312) 427-1558.

- **TANNEN LAW GROUP, P.C**.: 77 W. Washington Street, Suite 500, Chicago, IL 60602; (312) 641-6650.

- **MICHAEL TANNEN**: 77 W. Washington Street, Suite 500, Chicago, IL 60602; (312) 641-6650.

- **WEISSBERG AND ASSOCIATES, LTD**.: 564 West Randolph Street, Second Floor, Chicago, Illinois 60661; (312) 663-0004.

- **ARIEL WEISSBERG**: 564 West Randolph Street, Second Floor, Chicago, Illinois 60661; (312) 663-0004.

5. In an effort to avoid duplication of discovery efforts and to avoid unnecessary cost or delay, Centrust respectively requests that this Court consolidate discovery (including, but not limited to third-party fact discovery) in the Centrust Case and CDR Case pursuant to Rule 42(a).

## II. ARGUMENT

6. The Court should consolidate the Centrust Case and CDR Case for the purposes of discovery because they involve common questions of law and fact. Under Rule 42(a) of the Federal Rules of Civil Procedure, a trial court may consolidate two cases for the purposes of discovery whenever they involve common questions of law or fact.

7. In its pertinent part, Rule 42(a) provides as follows:

> If actions before the court involve a common question of law or fact, the court may:
>
> > (1) join for hearing or trial any or all matters at issue in the actions;
> >
> > (2) consolidate the actions; or
> >
> > (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Under Rule 42(a), "one or many or all of the phases of the several actions may be merged." *Hall v. Hall*, 138 S. Ct. 1118, 1130 (2018). A trial court may consolidate two or more actions whenever they "involve a common question of fact or law." *Adams v. Szczerbinski*, 329 F. App'x 19, 22 (7th Cir. 2009). To consolidate cases, a trial court "need not find that common questions of law or fact predominate, only that they exist, and that consolidation will prove beneficial." *Habitat Educ. Ctr., Inc. v. Kimbell,* 250 F.R.D. 390, 393–94 (E.D. Wis. 2008). To determine whether consolidation is proper, trial courts "consider such factors as judicial economy, avoiding delay, and avoiding inconsistent or conflicting results," as well as any "factors weighing against consolidation, such as the possibility of juror confusion or administrative difficulties." *Id.*

8. Here, the Centrust Case and CDR Case clearly meet the criteria for consolidation for the purposes of discovery. There are many common issues of law and fact because the actions arise out of the same events and involve the same legal theory (abuse of process).

9. As a result, considerations of judicial economy, avoiding delays, and avoiding inconsistent or conflicting results all mitigate in favor of consolidating the Centrust Case and CDR case for the purposes of discovery. Juror confusion will obviously not be a problem if the actions are merely consolidated for the purposes of discovery.

4

### III.  CONCLUSION

For the reasons set forth above, Centrust respectfully requests that this Court consolidate the Centrust Case and CDR Case for the purposes of discovery only, and thereby authorize Centrust to join, participate and attend in the previously served subpoenas in the CDR Case, as set forth in paragraph 4 above, and to grant Centrust such other and further relief as the Court deems just.

Dated:  May 18, 2022

Respectfully submitted,

**CENTRUST BANK, N.A**.

 /s/  Adam B. Rome
By:  One of its Attorneys

Adam B. Rome (ARDC 62784341)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois  60606
arome@grglegal.com
Telephone: (312) 428-2750

## CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2022, I electronically filed the foregoing *Motion to Consolidate Discovery*, with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

| | |
|---|---|
| Christopher V. Langone<br>PO Box 5084<br>Skokie, IL 60077<br>LangoneLaw@gmail.com | Rakesh Khanna<br>Ariel Weissberg<br>Weissberg & Associates<br>564 W. Randolph St., 2nd Floor<br>Chicago, IL 60661<br>rakesh@weissberglaw.com<br>ariel@weissberglaw.com |

I further certify that I sent the foregoing to those individuals listed below via email transmission at the email address listed before 5:00 p.m. on May 19, 2022 from 205 W. Randolph St., Chicago, IL 60606:

William Factor
Factor Law
105 W. Madison St., #1500
Chicago, IL 60602
wfactor@wfactorlaw.com

                                             /s/ Adam B. Rome
                                             Adam B. Rome (ARDC 62784341)
                                             GREIMAN, ROME & GRIESMEYER, LLC
                                             205 West Randolph St., Ste. 2300
                                             Chicago, Illinois 60606
                                             arome@grglegal.com
                                             Telephone: (312) 428-2750