**IN THE UNITED STATES DISTRICT COURT**
**THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 21-cv-2576 |
| | ) | |
| v. | ) | Case No. 21-cv-2702 |
| | ) | |
| RUBEN YBARRA, et al., | ) | Judge Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

**PUTATIVE "JOINT" DISCOVERY MOTION RE: CENTRUST'S DISCOVERY REQUESTS**

Plaintiff, Centrust Bank, N.A. ("Centrust" or the "Bank"), and Defendants, Ruben Ybarra ("Ybarra"), YRY Holdings, LLC ("YRY"), and Boulder Hill Apartments, LLC ("BHA"), for their joint discovery motion regarding Centrust's discovery requests (the "Motion"), state as follows:

     **A.**    **PARTIES' COMPLIANCE WITH LOCAL RULE 37.2**

1.    After consultation by telephone and good faith attempts to resolve differences, the parties are unable to reach an accord regarding the discovery issues addressed in this Motion. The parties' telephonic consultation occurred on June 6, 2022, at 3:30 p.m. and the following attorneys attended: Ariel Weissberg, William Factor, and Adam Rome.[1] In addition, the parties also engaged in other discussions and exchanged correspondence regarding the discovery disputes addressed herein and related matters. (*See, e.g.,* **Group Ex. A**.)

2.    The parties' disputes relate to Defendants': (i) privilege log; (ii) failure to certify completion of their production; and (iii) objections to the Bank's requests. Specifically, Defendants contend that ***each*** request is "overly broad, unduly burdensome, and vague." Defendants also refer to a Dropbox Folder named "Emails" (in 46 of their 53 responses) to which no folder actualy exists. (*See*

---

[1] William Factor, the attorney for Defendants, Bruce Teitelbaum and CNTRST Debt Recovery was present, but at the request of Mr. Weissberg, counsel for the Defendants, Mr. Factor did not substantively participate.

**Exs. B1-B3**.)[2]

3.      Parties are precluded from dodging discovery with general, boilerplate objections.  If parties have objections to written discovery requests they must support them with specific explanations.  Moreover, Defendants objected to nearly half of the Bank's production requests "to the extent [they] seek any documents protected by the attorney-client privilege or work product doctrine." *See,* Ex. B.  Defendants failed to provide any further explanations in their responses.  Courts consistently hold parties waive their objections by failing to articulate them with specificity.

4.      Defendants should have completed their production of all responsive documents. Parties cannot simply produce documents in dribs and drabs at their leisure, especially when they refuse to specify what documents are being withheld and why.  Defendants have belatedly produced some documents (primarily documents they know the Bank already have).

**B.      DEFENDANTS' PRIVILEGE LOG IS INADEQUATE**

5.      Defendants tendered a privilege log to Centrust's counsel, but the log is inadequate.  It fails to provide even the most rudimentary information regarding the documents being withheld, such as their authors, recipients, dates, or descriptions sufficient to establish a privilege.  *See* Ex. C.  The log does not even itemize all the documents being withheld.  Rather than dealing with the documents being withheld on an individualized basis, the log repeatedly lumps untold numbers of them together in categories, even when such documents were exchanged over multiple years.  To make matters worse, even a cursory review of the log reveals Defendants are withholding numerous documents on grounds that cannot possibly be privileged, such as documents exchanged with Defendants' adversaries, documents merely designated as "***Settlement***," and even documents designated as "***Not Privileged***."

6.      Defendants must provide a privilege log that satisfies the requirements of Rule 26(b)(5)(A).  By failing to provide such a log, Defendants have waived any attorney-client privilege

---

[2] Defendants May 3, 2022, privilege log is attached hereto as (**Ex. C**).  Defendants' May 11, 2022, initial responses to Centrust's production requests are attached hereto as (**Exs. D1-D3**).

and work-product objections they may have had with respect to responsive documents.[3]

7.     Courts have consistently held Rule 26(b)(5)(A) requires the party asserting a privilege to provide a log that: (a) separately lists each document withheld from discovery on privilege grounds; and (b) provides sufficient detail for each listed document to permit other parties to assess the claim of privilege. *See, e.g., Murdock v. City of Chicago*, 2021 WL 4523206, at *5 (N.D. Ill. Oct. 4, 2021). In other words, "[a] claim of privilege cannot be a blanket claim but must be made and established on a document-by-document basis." *Coltec Indus., Inc. v. Am. Motorists Ins. Co.,* 197 F.R.D. 368, 370–71 (N.D. Ill. 2000). To comply with Rule 26(b)(5)(A), a privilege log must establish each element of each privilege for each document. *See, e.g., id.* (holding "[w]e stress that each of these elements must be established as to each document, as the mere existence of an attorney-client relationship is not sufficient to cloak all communications with the privilege"). Thus, the log of a party claiming the attorney-client privilege must establish that – with respect to each document for which the privilege is asserted – discovery would reveal a confidential communication by a client seeking legal advice from a professional legal adviser in his capacity as such. *Id.* A log cannot possibly accomplish this task if it lumps documents together in general categories; fails to provide the authors, recipients, and dates of the documents; or otherwise fails to demonstrate the documents reveal confidential communications by a client seeking legal advice from an attorney. *See, e.g., id.*; *see also Pactiv Corp. v. Multisorb Techs., Inc*, 2012 WL 1831517, at *2 (N.D. Ill. May 18, 2012) (holding "skeletal privilege logs with cut-and-paste descriptions of documents and cut-and-paste explanations of why documents are immune from discovery are insufficient to meet the burden of showing privilege").

C.     **DEFENDANTS' OBJECTIONS ARE INADEQUATE**

---

[3]  In its pertinent part, Rule 26(b)(5)(A) provides: When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim. Fed. R. Civ. P. 26(b)(5)(A).

8.     Defendants' objections: (i) are not stated with specificity; (ii) fail to certify completion; (iii) fail to describe the responsive materials being withheld; (iv) improperly provide boilerplate objections that they are allegedly "overly broad, unduly burdensome, and vague"; and (v) refer to documents supposedly produced in a Dropbox folder labeled "Emails".

9.     Under Rule 34, a respondent's production must be "completed no later than the time for inspection specified in the request or another reasonable time specified in the response." Fed. R. Civ. P. 34(b)(2)(B).  In its responses, a respondent must "state whether any responsive materials are being withheld on the basis of [an] objection."  Fed. R. Civ. P. 34(b)(2)(C).  In this way, "Rule 34 guarantees that the requesting party will receive, concurrently with the response, all documents reasonably available." *Novelty, Inc. v. Mountain View Mktg., Inc.*, 265 F.R.D. 370, 375–76 (S.D. Ind. 2009).  "Unilaterally deciding to conduct a cursory initial search to be followed by 'rolling' productions from subsequent, more thorough, searches is not an acceptable option."  *Id.; accord Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton,* 837 F. Supp. 454, 457 (D.D.C. 1993) (holding a respondent cannot "produce dribbles and drabs of information at its convenience").

## DEFENDANTS RESPONSE

10.     Defendants were asked to provide a response, but have refused to participate in the joint motion in good faith.

- Correspondence from Plaintiff's counsel to Defendants' counsel dated June 15, 2022, requesting Defendants to participate in the joint motion.  ***See*, Ex. E**

- Correspondence from Plaintiff's counsel to Defendants' counsel dated June 20, 2022, again requesting Defendants to participate in the joint motion.  **See, Ex. F.**

- Correspondence from Defendants' counsel to Plaintiff's counsel dated June 20, 2022, informing Plaintiff's counsel that it would participate and have its response completed by June 22, 2022.  **See, Ex. G**

- Correspondence from Plaintiff's counsel to Defendants' counsel dated June 28, 2022, indicating to Plaintiff's counsel its disappointment in Defendants' lack of cooperation.  **See, Ex. H**.

4

Dated:  June 28, 2022

Respectfully submitted,

**CENTRUST BANK, N.A**.                                    **DEFENDANTS**

_/s/  Adam B. Rome_                                        _____
By:  One of its Attorneys                                  By: One of their Attorneys


Adam B. Rome (ARDC 62784341)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois  60606
arome@grglegal.com
Telephone: (312) 428-2750

**CERTIFICATE OF SERVICE**

I hereby certify that on June 28, 2022, I electronically filed the foregoing **Putative "Joint"** **Discovery Motion Re: Centrust's Discovery Requests**, with the Clerk of the Court via the CM/ECF System, which will send notification of such filing to those registered to receive electronic notices via email transmission at the email addresses provided by them including:

Christopher V. Langone
PO Box 5084
Skokie, IL 60077
LangoneLaw@gmail.com

Rakesh Khanna
Ariel Weissberg
Weissberg & Associates
564 W. Randolph St., 2nd Floor
Chicago, IL 60661
rakesh@weissberglaw.com
ariel@weissberglaw.com

　　　　　/s/　Adam B. Rome　　　　　
Adam B. Rome (ARDC 62784341)
GREIMAN, ROME & GRIESMEYER, LLC
205 West Randolph St., Ste. 2300
Chicago, Illinois 60606
arome@grglegal.com
Telephone: (312) 428-2750

6

# EXHIBIT A



## GREIMAN, ROME & GRIESMEYER, LLC

business advisors. litigation professionals.

205 West Randolph Street
Suite 2300 | Chicago, IL 60606
Office: (312) 428-2750
Fax: (312) 332-2781
www.grglegal.com

**Adam B. Rome**
(312) 428-2740
arome@grglegal.com

April 20, 2022

**VIA ELECTRONIC MAIL**

Christopher V. Langone
PO Box 5084
Skokie, Illinois 60077
LangoneLaw@gmail.com

Rakesh Khanna
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
rakesh@weissberglaw.com
ariel@weissberglaw.com

**RE:    Centrust Bank, N.A., v. Ybarra, et al., Case No. 21-CV-2576**

Dear Mr. Langone and Mr. Khanna:

This letter is written pursuant to Federal Rule 37(a)(1). Written discovery was propounded and issued upon your clients on February 11, 2022. Your clients' responses were due on March 14, 2022. As of the current date, no responses have been provided.

This letter shall serve as Plaintiff's formal attempt to confer in good faith to obtain compliance with its written discovery requests without seeking court intervention. Please let me know by the end of the day tomorrow when Plaintiff should expect to receive full compliance with its discovery requests.

We look forward to hearing from you.

Very truly yours,

Adam B. Rome

## WEISSBERG AND ASSOCIATES, LTD.

564 W. Randolph Street
Second Floor
Chicago, Illinois 60661

Telephone: 312/663-0004
Facsimile: 312/663-1514
E-Mail:
**ariel@weissberglaw.com**

May 2, 2022

Adam B. Rome, Esq.
Greiman, Rome and Griesmeyer
205 West Randolph Street, Suite 2300
Chicago, IL 60606

By Email: arome@grglegal.com

Re: *Centrust Bank, N.A., v. Ybarra, et al.,* Case No. 21-CV-2576

Dear Mr. Rome:

Reference is made to your recent letter dated April 20, 2022, written pursuant to Federal Rule of Civil Procedure 37, inquiring concerning Defendants' compliance with written discovery. In response, the Defendants will fully comply with written discovery on or before May 11, 2022. In the meantime, however, I will be tendering today on behalf of the Defendants a privilege log of emails. Thank you.

Yours truly,

Ariel Weissberg,
for Defendants

AW/hw



## GREIMAN, ROME & GRIESMEYER, LLC

business advisors. litigation professionals.

205 West Randolph Street
Suite 2300 | Chicago, IL 60606
Office: (312) 428-2750
Fax: (312) 332-2781
www.grglegal.com

**Adam B. Rome**
(312) 428-2740
arome@grglegal.com

May 18, 2022

<u>**VIA ELECTRONIC MAIL**</u>

Christopher V. Langone
PO Box 5084
Skokie, Illinois 60077
LangoneLaw@gmail.com

Ariel Weissberg, Esq.
Rakesh Khanna
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
ariel@weissberglaw.com

**RE: Centrust Bank, N.A. ("Centrust"), v. Ybarra, et al., Case No. 21-CV-2576**

Dear Counsel:

This letter is written pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure. Written discovery was propounded and issued upon the defendants on February 11, 2022. The defendants' responses were due on March 14, 2022. As of the current date, the defendants have neither answered the interrogatories served on them nor produced any documents in response to the production requests served on them.

As you know, I previously corresponded with you about the defendants' delinquent discovery responses on April 20, 2022. I also spoke with Mr. Weissberg about this issue. Mr. Weissberg promised the defendants would fully comply with written discovery on or before May 11, 2022. They did not.

Instead, the defendants merely provided written objections to Centrust's production requests and an inadequate privilege log. As things currently stand, the defendants' written discovery responses are deficient for numerous reasons, including:

1. The defendants have not answered any of the interrogatories served on them.

2. The defendants' objections to Centrust's production requests are not stated with specificity.

3. The defendants have not produced any copies of responsive documents or electronically stored information, nor have they made any originals available for inspection.

4. The defendants have not stated whether any responsive materials are being withheld on the basis of their objections.

5. The defendants have responded to many of Centrust's with the statement "[n]one at this time." This vague response is inadequate because it obscures whether any responsive

documents actually exist or whether defendants are simply refusing to produce responsive documents "at this time."

6. The defendants repeatedly respond to Centrust's production requests with the boilerplate objection that the requests are "overly broad, unduly burdensome, and vague." Such boilerplate objections are improper because they are not stated with specificity. Moreover, none of the requests brushed aside with such objections are truly overly broad, unduly burdensome, or vague.

7. The defendants repeatedly object to Centrust's requests based on the attorney-client privilege and work product doctrine. Yet the defendants have failed to support their claims with an adequate privilege log. The log provided is deficient for numerous reasons, including:

   a. It does not describe the documents being withheld in sufficient detail to permit Centrust to assess whether they are truly privileged or protected by the work product doctrine. For example, the log does not identify the authors, recipients, or subject matter of the materials withheld, nor does it deal with the withheld materials on a document-by-document basis. To be clear, lists of email addresses are *not* an adequate substitute for the disclosure of authors and recipients. Nor may your clients avoid describing the subject matter of each document being withheld by grouping them in categories or merely regurgitating their "subject lines."

   b. The log reveals most of the documents being withheld cannot possibly be privileged because they were exchanged among Ybarra and individuals that never served as his attorney, *e.g.*, Gregory Stern, Michael Gotkin, Edward Malone, Michael Tannen, and several non-attorneys.

   c. The log readily acknowledges several of the documents being withheld on privilege grounds are either "not privileged" or merely related to "settlement." Such documents are discoverable and should be produced immediately.

This letter shall serve as Centrust's formal attempt to confer in good faith to obtain compliance with its written discovery requests without seeking court intervention. Please let me know by the end of the day tomorrow when Plaintiff should expect to receive full compliance with its discovery requests.

We look forward to hearing from you.


Very truly yours,

Adam B. Rome


cc: William Factor



# GREIMAN, ROME & GRIESMEYER, LLC
business advisors. litigation professionals.

205 West Randolph Street
Suite 2300 | Chicago, IL 60606
Office: (312) 428-2750
Fax: (312) 332-2781
www.grglegal.com

**Adam B. Rome**
(312) 428-2740
arome@grglegal.com

May 25, 2022

**VIA ELECTRONIC MAIL**

Christopher V. Langone
PO Box 5084
Skokie, Illinois 60077
LangoneLaw@gmail.com

Ariel Weissberg, Esq.
Rakesh Khanna
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
ariel@weissberglaw.com

**RE: Centrust Bank, N.A. ("Centrust"), v. Ybarra, et al., Case No. 21-CV-2576**

Dear Counsel:

This letter is written pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure. Written discovery was propounded and issued upon the defendants on February 11, 2022. The defendants' responses were due on March 14, 2022. As of the current date, the defendants have neither answered the interrogatories served on them nor completed its production of documents as required by law.

As you know, I have repeatedly corresponded with you about the defendants' delinquent discovery responses—once on April 20, 2022 and again on May 18, 2022. I also spoke with Mr. Weissberg about this issue.

After my April 20, 2022 correspondence, Mr. Weissberg promised the defendants would fully comply with written discovery on or before May 11, 2022. They did not. Instead, the defendants merely provided written objections to Centrust's production requests and an inadequate privilege log.

After these deficiencies were pointed out in my May 18, 2022 correspondence, the defendants provided amended production request responses and some limited document production. However, the defendants did not answer Centrust's interrogatories, did not amend their privilege log, and did not correct the majority of the deficiencies in their production request responses.

As things currently stand, the defendants' written discovery responses are still deficient for numerous reasons, including:

1. The defendants have not answered any of the interrogatories served on them.

2. The defendants' objections to Centrust's production requests are not stated with specificity.

3. The defendants have not stated their production of documents is complete, nor have they stated they intend to provide complete production.

4. The defendants have not described the responsive materials, if any, that are being withheld on the basis of their objections, although there must be a large number of documents being withheld judging by the documents produced to date.

5. The defendants repeatedly respond to Centrust's production requests with the boilerplate objection that the requests are "overly broad, unduly burdensome, and vague." Such boilerplate objections are improper because they are not stated with specificity. Moreover, none of the requests brushed aside with such objections are truly overly broad, unduly burdensome, or vague.

6. The defendants' production request responses repeatedly refer to documents catalogued under the headings "Emails," "Package from Michael Tannen," and "Ybarra Dropbox Documents." However, there are no corresponding folders in the Dropbox link provided by the defendants, *i.e.,* the referenced documents are missing from the defendants' production.

7. The defendants repeatedly object to Centrust's requests based on the attorney-client privilege and work product doctrine. Yet the defendants have failed to support their claims with an adequate privilege log. The log provided is deficient for numerous reasons, including:

   a. It does not describe the documents being withheld in sufficient detail to permit Centrust to assess whether they are truly privileged or protected by the work product doctrine. For example, the log does not identify the authors, recipients, or subject matter of the materials withheld, nor does it deal with the withheld materials on a document-by-document basis. To be clear, lists of email addresses are *not* an adequate substitute for the disclosure of authors and recipients. Nor may your clients avoid describing the subject matter of each document being withheld by grouping them in categories or merely regurgitating their "subject lines."

   b. The log reveals most of the documents being withheld cannot possibly be privileged because they were exchanged among Ybarra and individuals that never served as his attorney, *e.g.,* Gregory Stern, Michael Gotkin, Edward Malone, Michael Tannen, and several non-attorneys.

   c. The log readily acknowledges several of the documents being withheld on privilege grounds are either "not privileged" or merely related to "settlement." Such documents are discoverable and should be produced immediately.

This letter shall serve as Centrust's formal attempt to confer in good faith to obtain compliance with its written discovery requests without seeking court intervention. Please let me know by the end of the day tomorrow when Plaintiff should expect to receive full compliance with its discovery requests.

We look forward to hearing from you.

Very truly yours,

Adam B. Rome

cc: William Factor

**Adam Rome**

| | |
|---|---|
| **From:** | Ariel Weissberg <ariel@weissberglaw.com> |
| **Sent:** | Wednesday, May 25, 2022 6:51 PM |
| **To:** | April Bernath; Rakesh Khanna; david jankura; LangoneLaw@gmail.com |
| **Cc:** | wfactor@wfactorlaw.com; Adam Rome |
| **Subject:** | RE: Centrust Rule 37 Letter |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Adam: the responses to the Interrogatories are with the clients for review. I will tender the final Response to the Interrogatories no later than 6-2-22. I suggest a conference relating to the balance of your statements in your Rule 37 letter after that. When are you available? I am handling the discovery matters. Thus, you need not include anyone else on my team.

Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
E. ariel@weissberglaw.com
VCard | Email | http://www.weissberglaw.com

CONFIDENTIALITY NOTE: This e-mail and any attached files are confidential and are intended solely for the use of the individual or entity to who they are addressed. This communication may contain information protected by the attorney-client privilege or other privileges. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this communication is prohibited. If you received this transmission in error, please contact the sender, by electronic mail or telephone at (312)663-0004, and delete the material from your computer without making any copies. Neither this information block, the typed name of the sender, nor anything else in this message, is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message. Any communication by e-mail to or from a client of Weissberg and Associates, Ltd. is subject to attorney-client privilege.

CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, any tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party the matter or transaction addressed herein.

# EXHIBIT B

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CNTRST DEBT RECOVERY and BRUCE TEITELBAUM, | ) ) ) | Case No. 21-cv-02702 |
| Plaintiffs, | ) ) | Honorable Judge Sara E. Ellis |
| v. | ) ) | Hon. Magistrate Judge Maria Valdez |
| RUBEN YBARRA, YRY HOLDINGS, LLC, and BOULDER HILL APARTMENTS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT, RUBEN YBARRA'S FIRST AMENDED ANSWER TO PLAINTIFFS'
FIRST DOCUMENT REQUESTS.**

NOW COMES Defendant, Ruben Ybarra ("Defendant"), by his attorneys, Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and Christopher V. Langone of Langone Law LLC, and as *Defendant, Ruben Ybarra's First Amended Answer to Plaintiffs' First Document Requests,* states as follows:

**GENERAL OBJECTIONS**

1.   Each of the following general objections is hereby fully incorporated into each and every response to the requests set forth below as if fully set forth therein at length. In providing these responses and objections, each Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) All objections as to relevancy, materiality and admissibility as evidence for any purpose any of the information requested; (b) All rights to object on any ground, at any time, to a demand for further response to the Requests or any other discovery requests or procedures involving or relating to the subject matter of the Requests responded to herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses provided herein.

2.   Each Defendant objects to each request to the extent that it calls for the disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney

1

work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3.    The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.    Each Defendant objects to each request to the extent it is phrased in absolute terms.

5.    Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each

Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6. Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7. Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order prior to the production of such documents or information.

8. Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

## ANSWERS TO REQUESTS TO PRODUCE

1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER: The Defendant objects to Request for Production 1 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 1 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3

2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER:** **The Defendant objects to Request for Production 2 as being premature, overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 2 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER:** **The Defendant objects to Request for Production 3 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 3 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **The Defendant objects to Request for Production 4 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 4 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **The Defendant objects to Request for Production 5 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 5 are contained in the Dropbox links. The**

4

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."

6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER:** **The Defendant objects to Request for Production 6 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 6 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER:** **The Defendant objects to Request for Production 7 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 7 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER:** **The Defendant objects to Request for Production 8 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,**

documents responsive to Request for Production 8 are contained in the Dropbox links. The
Responsive Documents are contained in the Dropbox's and are set forth in the Document
Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust
Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from
Michael Tannen."

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2,
2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER:** The Defendant objects to Request for Production 9 as overly broad,
unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,
documents responsive to Request for Production 9 are contained in the Dropbox links. The
Responsive Documents are contained in the Dropbox's and are set forth in the Document
Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust
Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from
Michael Tannen."

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER:** The Defendant objects to Request for Production 10 as overly broad,
unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,
documents responsive to Request for Production 10 are contained in the Dropbox links. The
Responsive Documents are contained in the Dropbox's and are set forth in the Document
Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust
Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from
Michael Tannen."

11. All Documents Related To the Agreed Order entered in the State Court Case on May
20, 2020.

**ANSWER:** The Defendant objects to Request for Production 11 as overly broad,
unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,
documents responsive to Request for Production 11 are contained in the Dropbox links. The

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** Defendant objects to Request for Production 12 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 12 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Emails" and "Package from Michael Tannen."

13. All Documents Related To PTCV.

**ANSWER:** The Defendant objects to Request for Production 13 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 13 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Emails."

14. All Documents sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 14 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 14 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

15. All Documents received from Tannen.

**ANSWER: Defendant objects to Request for Production 15 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 15 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 16 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 16 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 17 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 17 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 18 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 18 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."**

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 19 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 19 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."**

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER: Defendant objects to Request for Production 20 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 20 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."**

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER: Defendant objects to Request for Production 21 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 21 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."**

22. All Documents sent to ABS.

**ANSWER: The Defendant objects to Request for Production 22 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 22 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."**

23. All Documents received from ABS.

**ANSWER: The Defendant objects to Request for Production 23 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 23 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."**

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

**ANSWER: Defendant objects to Request for Production 24 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to**

10

**Request for Production 24 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."**

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** **Defendant objects to Request for Production 25 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 25 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."**

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** **Defendant objects to Request for Production 26 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 26 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."**

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** **Defendant objects to Request for Production 27 as overly broad, unduly**

11

burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 27 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 28 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 28 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 29 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 29 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 30 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 30 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

31. All Documents received from Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 31 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 31 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 32 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 32 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 33 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 33 are contained in the Dropbox links The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery

**Tendered by Michael Tannen," and "Emails."**

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER: The Defendant objects to Request for Production 34 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 34 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents," "Tax Returns," "Discovery Tendered by Michael Tannen," and "Emails."**

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER: The Defendant objects to Request for Production 35 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 35 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Tax Returns."**

36. All Documents related to the management of BHA.

**ANSWER: The Defendant objects to Request for Production 36 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 36 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."**

37. All Documents Related To the State Court Case.

**ANSWER: The Defendant objects to Request for Production 37 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 37 are contained in the Dropbox links. The**

14

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

**ANSWER:** **The Defendant objects to Request for Production 38 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 38 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Boulder Hill-Scarbeary Documents."**

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** **Defendant objects to Request for Production 39 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 39 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."**

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** **Defendant objects to Request for Production 40 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 40 are contained in the Dropbox links. The Responsive Documents**

15

are contained in the Dropbox's and are set forth in the Document Catalogue **under the**
**headings "PCTV Documents," and "Emails."**

41. All Documents relating to the prosecution or defense of the Motion for Judicial
Determination in the State Court Case.

**ANSWER: Defendant objects to Request for Production 41 as overly broad, unduly**
**burdensome, and vague. Defendant further objects to this request to the extent it seeks any**
**documents protected by the attorney-client privilege or work product doctrine.**
**Notwithstanding the General Objections and the foregoing, documents responsive to**
**Request for Production 41 are contained in the Dropbox links. The Responsive Documents**
**are contained in the Dropbox's and are set forth in the Document Catalogue under the**
**headings "Judicial Determination" and "Emails."**

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER: Defendant objects to Request for Production 42 as overly broad, unduly**
**burdensome, and vague. Defendant further objects to this request to the extent it seeks any**
**documents protected by the attorney-client privilege or work product doctrine.**
**Notwithstanding the General Objections and the foregoing, documents responsive to**
**Request for Production 42 are contained in the Dropbox links. A list of the Documents**
**contained in the Dropbox's are set forth in the Document Catalogue under the heading**
**"Emails."**

43. All Documents relating payment of the legal fees of PTCV or related to the formation,
registration or operation of PTCV.

**ANSWER: Defendant objects to Request for Production 43 as overly broad, unduly**
**burdensome, and vague. Defendant further objects to this request to the extent it seeks any**
**documents protected by the attorney-client privilege or work product doctrine.**
**Notwithstanding the General Objections and the foregoing, documents responsive to**
**Request for Production 43 are contained in the Dropbox links. The Responsive Documents**
**are contained in the Dropbox's and are set forth in the Document Catalogue under the**

16

headings "PCTV Documents," and "Emails."

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER: The Defendant objects to Request for Production 44 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 44 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."**

45. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER: The Defendants objects to Request for Production 45 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 45 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Financial Documents" and "Emails."**

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER: The Defendant objects to Request for Production 46 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 46 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."**

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 47 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 47 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 48 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 48 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 49 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 49 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER: Defendant objects to Request for Production 50 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 50 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to Request for Production 51 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 51 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: The Defendant objects to Request for Production 52 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 52 are contained in the Dropbox links. The**

19

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER:** The Defendant objects to Request for Production 53 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 53 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

**RUBEN YBARRA**, Defendant

By: _____
One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 20, 2022, I caused to be served the foregoing ***Defendant, Ruben Ybarra's First Amended Answer to Plaintiffs' First Document Requests*** upon the following party by electronic transmission:

William J. Factor, Esq.
Isaiah Fishman, Esq.
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Email: wfactor@wfactorlaw.com; ifishman@wfactorlaw.com

_____
Ariel Weissberg

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CNTRST DEBT RECOVERY and BRUCE TEITELBAUM, | ) )  ) | Case No. 21-cv-02702 |
| Plaintiffs, | ) ) | Honorable Judge Sara E. Ellis |
| v. | ) ) | Hon. Magistrate Judge Maria Valdez |
| RUBEN YBARRA, YRY HOLDINGS, LLC, and BOULDER HILL APARTMENTS, LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT, YRY HOLDINGS, LLC, FIRST AMENDED ANSWER TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS.**

NOW COMES Defendant, YRY Holdings, LLC ("Defendant"), by its attorneys, Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and Christopher V. Langone of Langone Law LLC, and as *Defendant, YRY Holdings, LLC, First Amended Answer to Plaintiffs' First Document Requests,* states as follows:

**GENERAL OBJECTIONS**

1. Each of the following general objections is hereby fully incorporated into each and every response to the requests set forth below as if fully set forth therein at length. In providing these responses and objections, each Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) All objections as to relevancy, materiality and admissibility as evidence for any purpose any of the information requested; (b) All rights to object on any ground, at any time, to a demand for further response to the Requests or any other discovery requests or procedures involving or relating to the subject matter of the Requests responded to herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses provided herein.

2. Each Defendant objects to each request to the extent that it calls for the disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney

1

work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3.    The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.    Each Defendant objects to each request to the extent it is phrased in absolute terms.

5.    Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each

Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6. Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7. Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order prior to the production of such documents or information.

8. Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

### ANSWERS TO REQUESTS TO PRODUCE

1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER: The Defendant objects to Request for Production 1 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 1 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3

2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER: The Defendant objects to Request for Production 2 as being premature, overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 2 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER: The Defendant objects to Request for Production 3 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 3 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER: The Defendant objects to Request for Production 4 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 4 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER: The Defendant objects to Request for Production 5 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 5 are contained in the Dropbox links. The**

4

**Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."**

6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER: The Defendant objects to Request for Production 6 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 6 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER: The Defendant objects to Request for Production 7 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 7 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER: The Defendant objects to Request for Production 8 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,**

documents responsive to Request for Production 8 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2, 2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER:** The Defendant objects to Request for Production 9 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 9 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER:** The Defendant objects to Request for Production 10 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 10 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

11. All Documents Related To the Agreed Order entered in the State Court Case on May 20, 2020.

**ANSWER:** The Defendant objects to Request for Production 11 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 11 are contained in the Dropbox links. The

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** Defendant objects to Request for Production 12 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 12 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Emails" and "Package from Michael Tannen."

13. All Documents Related To PTCV.

**ANSWER:** The Defendant objects to Request for Production 13 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 13 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Emails."

14. All Documents sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 14 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 14 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

7

15. All Documents received from Tannen.

**ANSWER:** **Defendant objects to Request for Production 15 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 15 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to Request for Production 16 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 16 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to Request for Production 17 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 17 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

**ANSWER:** Defendant objects to Request for Production 18 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 18 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER:** Defendant objects to Request for Production 19 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 19 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** Defendant objects to Request for Production 20 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 20 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** Defendant objects to Request for Production 21 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 21 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."

22. All Documents sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 22 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 22 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."

23. All Documents received from ABS.

**ANSWER:** The Defendant objects to Request for Production 23 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 23 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to Request for Production 24 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to

10

Request for Production 24 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to Request for Production 25 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 25 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** Defendant objects to Request for Production 26 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 26 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** Defendant objects to Request for Production 27 as overly broad, unduly

burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 27 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 28 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 28 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 29 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 29 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 30 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 30 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

31. All Documents received from Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 31 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 31 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 32 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 32 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 33 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 33 are contained in the Dropbox links The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery

13

Tendered by Michael Tannen," and "Emails."

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER:** The Defendant objects to Request for Production 34 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 34 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents," "Tax Returns," "Discovery Tendered by Michael Tannen," and "Emails."

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER:** The Defendant objects to Request for Production 35 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 35 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Tax Returns."

36. All Documents related to the management of BHA.

**ANSWER:** The Defendant objects to Request for Production 36 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 36 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

37. All Documents Related To the State Court Case.

**ANSWER:** The Defendant objects to Request for Production 37 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 37 are contained in the Dropbox links. The

14

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

**ANSWER:** The Defendant objects to Request for Production 38 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 38 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Boulder Hill-Scarbeary Documents."

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** Defendant objects to Request for Production 39 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 39 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** Defendant objects to Request for Production 40 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 40 are contained in the Dropbox links. The Responsive Documents

are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."

41. All Documents relating to the prosecution or defense of the Motion for Judicial Determination in the State Court Case.

**ANSWER:** Defendant objects to Request for Production 41 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 41 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Judicial Determination" and "Emails."

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER:** Defendant objects to Request for Production 42 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 42 are contained in the Dropbox links. A list of the Documents contained in the Dropbox's are set forth in the Document Catalogue under the heading "Emails."

43. All Documents relating payment of the legal fees of PTCV or related to the formation, registration or operation of PTCV.

**ANSWER:** Defendant objects to Request for Production 43 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 43 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the

headings "PCTV Documents," and "Emails."

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 44 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 44 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."

45. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER:** The Defendants objects to Request for Production 45 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 45 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Financial Documents" and "Emails."

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 46 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 46 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 47 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 47 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 48 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 48 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 49 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 49 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER: Defendant objects to Request for Production 50 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 50 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to Request for Production 51 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 51 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: The Defendant objects to Request for Production 52 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 52 are contained in the Dropbox links. The**

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER:** The Defendant objects to Request for Production 53 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 53 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

YRY HOLDINGS, LLC, Defendant

By: _____
One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 20, 2022, I caused to be served the foregoing *Defendant, YRY Holdings, LLC, First Amended Answer to Plaintiffs' First Document Requests* upon the following party by electronic transmission:

William J. Factor, Esq.
Isaiah Fishman, Esq.
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Email: wfactor@wfactorlaw.com; ifishman@wfactorlaw.com

Ariel Weissberg

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

CNTRST DEBT RECOVERY and
BRUCE TEITELBAUM,

              Plaintiffs,

      v.

RUBEN YBARRA, YRY HOLDINGS,
LLC, and BOULDER HILL
APARTMENTS, LLC,

              Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 21-cv-02702

Honorable Judge Sara E. Ellis

Hon. Magistrate Judge Maria Valdez

**DEFENDANT, BOULDER HILL APARTMENTS, LLC, FIRST AMENDED ANSWER
TO PLAINTIFFS' FIRST DOCUMENT REQUESTS.**

    NOW COMES Defendant, Boulder Hill Apartments, LLC ("Defendant"), by its attorneys,

Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and

Christopher V. Langone of Langone Law LLC, and as *Defendant, Boulder Hill Apartments, LLC,*

*First Amended Answer to Plaintiffs' First Document Requests,* states as follows:

**GENERAL OBJECTIONS**

    1.   Each of the following general objections is hereby fully incorporated into each and every

response to the requests set forth below as if fully set forth therein at length. In providing these

responses and objections, each Defendant does not in any way waive, or intend to waive, but rather

intends to preserve and is preserving: (a) All objections as to relevancy, materiality and

admissibility as evidence for any purpose any of the information requested; (b) All rights to object

on any ground, at any time, to a demand for further response to the Requests or any other discovery

requests or procedures involving or relating to the subject matter of the Requests responded to

herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses

provided herein.

    2.   Each Defendant objects to each request to the extent that it calls for the disclosure of

documents, communications, or information protected by the attorney-client privilege, the attorney

1

work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3.    The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.    Each Defendant objects to each request to the extent it is phrased in absolute terms.

5.    Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each

Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6.    Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7.    Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order prior to the production of such documents or information.

8.    Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

## ANSWERS TO REQUESTS TO PRODUCE

1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER: The Defendant objects to Request for Production 1 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 1 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3

2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER:  The Defendant objects to Request for Production 2 as being premature, overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 2 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER:  The Defendant objects to Request for Production 3 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 3 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:  The Defendant objects to Request for Production 4 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 4 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," and "Emails."**

5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:  The Defendant objects to Request for Production 5 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 5 are contained in the Dropbox links. The**

4

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."

6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER: The Defendant objects to Request for Production 6 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 6 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Judicial Determination," "Stamped Orders" and "Emails."**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER: The Defendant objects to Request for Production 7 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 7 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER: The Defendant objects to Request for Production 8 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing,**

5

documents responsive to Request for Production 8 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2, 2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER:** The Defendant objects to Request for Production 9 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 9 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER:** The Defendant objects to Request for Production 10 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 10 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

11. All Documents Related To the Agreed Order entered in the State Court Case on May 20, 2020.

**ANSWER:** The Defendant objects to Request for Production 11 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 11 are contained in the Dropbox links. The

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Subpoenas," "Sanction Motion Documents," "Emails" and "Package from Michael Tannen."

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** Defendant objects to Request for Production 12 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 12 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Emails" and "Package from Michael Tannen."

13. All Documents Related To PTCV.

**ANSWER:** The Defendant objects to Request for Production 13 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 13 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Emails."

14. All Documents sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 14 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 14 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

15. All Documents received from Tannen.

**ANSWER:** **Defendant objects to Request for Production 15 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 15 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to Request for Production 16 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 16 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to Request for Production 17 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 17 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 18 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 18 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."**

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to Request for Production 19 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 19 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "T2 Capital Management Documents," and "Emails."**

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER: Defendant objects to Request for Production 20 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 20 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."**

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** Defendant objects to Request for Production 21 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 21 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."

22. All Documents sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 22 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 22 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."

23. All Documents received from ABS.

**ANSWER:** The Defendant objects to Request for Production 23 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 23 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," and "Emails."

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to Request for Production 24 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to

Request for Production 24 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to Request for Production 25 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 25 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "ABS Documents," "Stamped Orders," "Discovery Tendered by Michael Tannen" and "Emails."

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** Defendant objects to Request for Production 26 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 26 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** Defendant objects to Request for Production 27 as overly broad, unduly

burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 27 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "T2 Capital Management Documents," "Stamped Orders," "Timelines," "T2 Refinance," and "Emails."

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 28 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 28 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** The Defendant objects to Request for Production 29 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 29 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust, "Motion to Compel v Centrust Bank," "Submissions Regarding Discovery," "T2 Capital Management Documents," "Stamped Orders," "Boulder Hill Apartments," "T2 Refinance," "Tax Returns" and "Emails."

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 30 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 30 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

31. All Documents received from Eric Ferleger or any business that he provided services to.

**ANSWER:** The Defendant objects to Request for Production 31 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 31 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 32 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 32 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** The Defendant objects to Request for Production 33 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 33 are contained in the Dropbox links The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery

Tendered by Michael Tannen," and "Emails."

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER: The Defendant objects to Request for Production 34 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 34 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents," "Tax Returns," "Discovery Tendered by Michael Tannen," and "Emails."**

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER: The Defendant objects to Request for Production 35 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 35 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Tax Returns."**

36. All Documents related to the management of BHA.

**ANSWER: The Defendant objects to Request for Production 36 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 36 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Real Realty Documents," "Subpoenas," "Discovery Tendered by Michael Tannen," and "Emails."**

37. All Documents Related To the State Court Case.

**ANSWER: The Defendant objects to Request for Production 37 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 37 are contained in the Dropbox links. The**

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under all headings.

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

**ANSWER:** The Defendant objects to Request for Production 38 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 38 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the heading "Boulder Hill-Scarbeary Documents."

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** Defendant objects to Request for Production 39 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 39 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Discovery to Centrust," "Motion to Compel v Centrust Bank," "Stamped Orders," "Subpoenas," "Discovery Tendered by Michael Tannen," "Emails," and "Package from Michael Tannen."

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** Defendant objects to Request for Production 40 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 40 are contained in the Dropbox links. The Responsive Documents

15

are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," and "Emails."

41. All Documents relating to the prosecution or defense of the Motion for Judicial Determination in the State Court Case.

**ANSWER:** Defendant objects to Request for Production 41 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 41 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Judicial Determination" and "Emails."

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER:** Defendant objects to Request for Production 42 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 42 are contained in the Dropbox links. A list of the Documents contained in the Dropbox's are set forth in the Document Catalogue under the heading "Emails."

43. All Documents relating payment of the legal fees of PTCV or related to the formation, registration or operation of PTCV.

**ANSWER:** Defendant objects to Request for Production 43 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 43 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the

16

headings "PCTV Documents," and "Emails."

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 44 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 44 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."

45. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER:** The Defendants objects to Request for Production 45 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 45 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "PCTV Documents," "Financial Documents" and "Emails."

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** The Defendant objects to Request for Production 46 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 46 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "ABS Documents," "Financial Documents" and "Emails."

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER:** Defendant objects to Request for Production 47 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 47 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 48 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 48 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER:** Defendant objects to Request for Production 49 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 49 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER: Defendant objects to Request for Production 50 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 50 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to Request for Production 51 as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 51 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Financial Documents" and "Emails."**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: The Defendant objects to Request for Production 52 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 52 are contained in the Dropbox links. The**

Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER:** The Defendant objects to Request for Production 53 as overly broad, unduly burdensome and vague. Notwithstanding the General Objections and the foregoing, documents responsive to Request for Production 53 are contained in the Dropbox links. The Responsive Documents are contained in the Dropbox's and are set forth in the Document Catalogue under the headings "Tax Returns," "Financial Documents," "Emails," "Documents Produced in Response to Citations to Ruben Ybarra," "Ybarra Dropbox Documents" and "Package from Michael Tannen."

**BOULDER HILL APARTMENTS, LLC,**
Defendant

By: _____
One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 20, 2022, I caused to be served the foregoing *Defendant, Boulder Hill Apartments, LLC, First Amended Answer to Plaintiffs' First Document Requests* upon the following party by electronic transmission:

William J. Factor, Esq.
Isaiah Fishman, Esq.
FACTORLAW
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Email: wfactor@wfactorlaw.com; ifishman@wfactorlaw.com

_____
Ariel Weissberg

21

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A. | ) | |
| | ) | Case No. 21-cv-02576 |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC | ) | Hon. Magistrate Judge Maria Valdez |
| and BOULDER HILL APARTMENTS, LLC | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' PRIVILEGE LOG**
**May 3, 2022**

| Date | Parties in email Chain | Subject Line | Privilege Type |
|---|---|---|---|
| 06-10-16 | snmalitz@arnstein.com<br>rubeny23@hotmail.com<br>JMHurwitz@arnstein.com | RE: Select Funding v. 7550 Kingston, et al. (Status) [IWOV-ACTIVE.FID24 40092] Attorney engagement terms | Attorney-client |
| 07-05-16 through 05-21-20 | mtannen@tannenlaw.com<br>JMHurwitz@arnstein.com<br>Rossman, Sherry A.<br>rubeny23@hotmail.com<br>cpilkington@pilkingtonlaw.com | Fw: Engagement letter re Kingston, LLC, Ruben Ybarra and Yolanda Ybarra re Litigation of Foreclosure Defense and Insurance Claim | Attorney-client |
| 07-07-16 through 05-21-20 | snmalitz@arnstein.com<br>rubeny23@hotmail.com<br>JMHurwitz@arnstein.com<br>mtannen@tannenlaw.com | Topics-Citation proceeding and settlement | Attorney-client |
| 08-04-16 through 07-29-20 | snmalitz@arnstein.com<br>rubeny23@hotmail.com<br>JMHurwitz@arnstein.com<br>mtannen@tannenlaw.com | Fw: Citation Hearing 8/2/16 (Rule, Charging Order) [IWOV- | Attorney-client |

1

| | | ACTIVE.FID24 40091] | |
|---|---|---|---|
| 08-16-16 | snmalitz@arnstein.com<br>rubeny23@hotmail.com<br>JMHurwitz@arnstein.com | RE: Citation Hearing 8/2/16 (Rule, Charging Order) [IWOV-ACTIVE.FID24 40091] | Attorney-client |
| 09-13-16 through 08-06-20 | kmgriffin@arnstein.com<br>rubeny23@hotmail.com<br>mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com | Fw: open balance Arnstein & Lehr LLP | Attorney-client |
| 09-16-18 through 06-22-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Timeline of and strategy with Attachments | Attorney-client |
| 09-19-16 through 7-29-20 | JMHurwitz@arnstein.com<br>snmalitz@arnstein.com<br>MJPollock@arnstein.com<br>rubeny23@hotmail.com<br>mtannen@tannenlaw.com | FW: YRY Holdings, LLC – docs-Ybarra Estate Planning and documents | Attorney-client Work Product |
| 08-24-12 through 04-22-20 | MDNewby@comanderson.com<br>Anderson@comanderson.com<br>mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>lonniewasilevich@yahoo.com | Fw: Jonathan Strouse re Ybarra-Responses on Golenia, Centrust, Harris and Wintrust matters | Attorney-client |
| 05-31-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>hava@weissberglaw.com<br>anna@weissberglaw.com | Ruben Ybarra-personal information | Attorney-client |
| 06-03-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com | Centrust, N.A. A National Banking Association v. Ruben Ybarra 10 L 050077-adverse claim discussion | Attorney-client |
| 06-11-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | Status-Centrust representation questions | Work Product |

2

| 06-12-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | Re: Status Strategy against Teitelbaum | Work product |
|---|---|---|---|
| 06-12-2019 | mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com | Centrust and Teitelbaum strategy | Attorney-client |
| 06-14-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Are we talking today at 10:00 CDT//My cellphone number is )312) 320-2958-private information | Attorney-client |
| 06-17-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com | RE: Charging Orders—Statute became effective 2017—no sale of membership interest only the distributional share can be sold. But that rarely happens because a charging order is sufficient to accomplish the same goal. Status of orders | Attorney-client |
| 06-20-19 | mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com | Re: Can you talk tomorrow after 3:00 CDT? Request to discuss proceeding | Attorney-client |
| 06-26-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: The Case - Filing of Petition to Intervene | Attorney-client |
| 06-30-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | FW: Centrust v. Ybarra, Case No. 10 L 50077- adverse claims | Attorney-client |
| 07-31-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>tmaloy@tannenlaw.com | Centrust - Background information | Work product |

3

| 08-16-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v. Ybarra- provisions of protective order | Attorney-client |
|---|---|---|---|
| 08-19-2019 | mgotkin@flash.net<br>mtannen@tannenlaw.com | RE: Our telephone call- proceeding before Judge Henegahn | Work product |
| 08-23-2019 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | FW: Centrust/Ybarrad iscussing opposing counsel | Attorney-client Work Product |
| 08-24-19 | mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com | Re: Centrust/ Ybarra - proceeding strategy | Attorney-client |
| 08-25-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: CENTRUST responses for request for supplemental authority | Attorney-client Work Product |
| 08-25-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v Ybarra//THIS LETTER REQUESTS A RESPONSE TODAY | Attorney-client |
| 08-26-2019 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | RE: Centrust v Ybarra clients corporate holdings and position | Attorney-client |
| 08-27-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v Ybarra nature and extent of Ruben relationship with Teitelbaum | Attorney-client |
| 09-04-2019 | mtannen@tannenlaw.com<br>lloyd@lloydward.com<br>lonnieybarra@yahoo.com | RE: YRY Holdings/Centrust-PRIVILEGED COMMUNICAT ION regarding protective order | Attorney-client Work Product |

4

| 09-04-19 | mtannen@tannenlaw.com<br>cpilkington@pilkingtonlaw.com<br>lonnieybarra@yahoo.com | Rule 206 Notice | Attorney-client |
|---|---|---|---|
| 09-16-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v. Ybarra-information on Boulder Hill account | Attorney-client |
| 09-26-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust relationship with Teitelbaum | Attorney-client |
| 09-27-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: Sanction request | Attorney-client<br>Work Product |
| 09-30-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>5imberly.griffin@saul.com | Fw: YRY/Kingston Sanction strategy | Attorney-client |
| 09-30-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: YRY/Kingston Sanction strategy | Attorney-client |
| 09-30-19 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: YRY/Kingston Sanction strategy | Attorney-client |
| 10-01-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: Centrust/Kingston Sanction Strategy | Attorney-client<br>Work Product |
| 10-07-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | RE:The Kingston Case and The Centrust Bank Case | Attorney-client<br>Work Product |
| 10-08-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: Another question: was Giese with Markoff Law in August 2015 when the agreement between CNTRST and | Attorney-client |

5

| | | the Bank was signed?? | |
|---|---|---|---|
| 10-11-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | FW: Monarch Hospice & Palliative Care, Inc. et al v. Yolanda Ybarra, Case No. 2017-L-002957 Review of Legal Bills | Work Product |
| | | | |
| 11-22-19 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust - pleadings | Attorney-client<br>Work Product |
| 12-18-19 | rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com<br>mgotkin@flash.net | Bennett-Settlement parameters | Attorney-client |
| 12-18-19 | rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com<br>mgotkin@flash.net | Re: DRAFT Affidavit | Attorney-client |
| 10-22-2019 through 10-24-2019 | mtannen@tannenlaw.com<br>mgotkin@flash.net<br>lonnieybarra@yahoo.com<br>RubenY23@hotmail.com | Re: CNTRST's Motion for Substitution of Judge & DRAFT Objections | Attorney-client<br>Work Product |
| 12-17-19 | mgotkin@flash.net<br>lonnieybarra@yahoo.com<br>RubenY23@hotmail.com<br>cpilkington@pilkingtonlaw.com | Re: YRY – Call with Cathy | Attorney-client |
| 12-20-2019 | mgotkin@flash.net<br>lonnieybarra@yahoo.com<br>RubenY23@hotmail.com<br>cpilkington@pilkingtonlaw.com | Re: Defendants' Motion to Enforce Settlement & DRAFT YRY Motion to Enforce Settlement | Attorney-client<br>Work Product |
| 01-02-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>mgotkin@flash.net | Re: Golenia v. Ybarra-Responding to Requests for Documents | Attorney-client |

6

| | alan.realrealty@gmail.com | | |
|---|---|---|---|
| 02-03-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com<br>mgotkin@flash.net | Re: Centrust, N.A. A National Banking Association v. Ruben Ybarra 10 L 050077- Adverse claim responses | Attorney-client |
| 02-04-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust-clients recitation of facts regarding citation | Attorney-client |
| 02-05-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust—David Newby-Citation examination proceeding | Attorney-client |
| 02-12-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | : Re: Ybarra Docs Authorizations to speak | Attorney-client |
| 02-14-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>mtannen@tannenlaw.com | Re: Centrust// Michael Tuchman Factual Background from client | Attorney-client Backgroun client |
| 03-13-20 | rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: Kingston Citation strategy during COVID | Attorney-client |
| 03-03-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Fw: boulders-acquisition of corporate assets | Attorney-client |
| 04-01-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Documents-legal effect of previous estate planning documents | Attorney-client |
| 04-01-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | Golenia settlement | Attorney-client |

7

| | rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | | Work Product |
|---|---|---|---|
| 04-02-2020 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | RE: Ruben Ybarra shared "MT AW Levenfeld" with you- client dropbox password | Attorney-client<br>Work Product |
| 04-02-20 through 04-03-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | RE: Ybarra Amended Response to Motion for a Charging Order—FINAL 4-2-20 | Attorney-client<br>Work Product |
| 04-02-20 through 04-03-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: ASSIGNMENT ACCEPTANCE AND CONSENT-RUBEN YBARRA JR ASSIGNOR RUBEN YBARRA JR FAMILY INSURANCE TRUST (2011) ASSIGNEE.pdf | Attorney-client<br>Work Product |
| 04-03-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | Golenia- discussion of operating documents | Work Product |
| 04-06-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Boulder Hill receivership motion | Attorney-client |
| 04-11-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Fw: Deals, etc-buyout strategy for Boulder Hill | Attorney-client |
| 04-18-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Updates-strategy on 5 pending matters | Attorney-client |

| 04-20-2020 | mtannen@tannenlaw.com<br>gblackman@lplegal.com | Yolanda Ybarra Estate Planning concerns | Attorney-client<br>Work Product |
|---|---|---|---|
| 04-21-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Yolanda Ybarra validity of Estate Plan | Attorney-client |
| 04-22-2021 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | Untitled-disagreement among co-counsel | Attorney-client |
| 04-22-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Fw: Jonathan Strouse re Ybarra-Yolanda Ybarra deposition prep | Attorney-client |
| 04-22-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>manderson@agdglaw.com | Fw: Wintrust settlement? And sale of judgment | Attorney-client |
| 04-24-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>hava@weissberglaw.com<br>chris@weissberglaw.com<br>konopka@dowdanddowd.com<br>dchickerillo@dowdanddowd.com | FW: Golenia v. Ybarra, Case No. 2011-L-004306—for settlement purposes Only and not to be used in litigation | Not privileged |
| 04-24-20 | ariel@weissberglaw.com<br>hava@weissberglaw.com<br>jacob@weissberglaw.com<br>chris@weissberglaw.com | FW: Ybarra Subpoena | Work Product |
| 04-24-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank hearing before Judge Henehan | Attorney-client Ybarra 10 L 500-client |
| 04-29-2020 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com | FW: Centrust re voided enforce-ement proceedings | Work Product |
| 05-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>cpilkington@pilkingtonlaw.com | Fw: Orders of Receivership | Attorney-client |
| 05-09-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Fw: Executed Agreement | Attorney-client |

| 05-11-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>YbarraFamily5@outlook.com | RE: Contact information | Attorney-client |
|---|---|---|---|
| 05-11-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Orders of Receivership | Attorney-client |
| 05-11-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust-defenses in proceedings | Attorney-client |
| 05-12-20 through 05-13-20 | cpilkington@pilkingtonlaw.com<br>mtannen@tannenlaw.com | RE: The Right Hand and the Left Hand- Defenses to action on a note | Work Product |
| 05-12-20 | mtannen@tannenlaw.com<br>ariel@wesiberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Path-Proceeding before Judge Henagahn | Attorney-client<br>Work Product |
| 05-18-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Boulders-purchase of assets | Attorney-client |
| 05-19-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmaloy@tannenlaw.com<br>cpilkington@pilkingtonlaw.com<br>jfelker@t2investments.com<br>nserenius@t2investments.com<br>jbrown@t2investments.com<br>rbowman@klueverplatt.com<br>alp@klueverplatt.com<br>eric@selectfund.com | Orders of receivership-not privileged | Not privileged |
| 05-20-20 through 06-10-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>hava@weissberglaw.com | Monarch-Links between Teitelbaum and Ferleger | Attorney-client<br>Work Product |
| 05-20-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>hava@weissberglaw.com | Ferleger-Previous privilege log | Work Product |

| 05-20-20 through 05-21-20 | <ED.MALONE@bfkn.com mtannen@tannenlaw.com | RE: Centrust//Ybarra //Work Product//Common Interest Privilege per Common Law and Court Order | Work Product |
|---|---|---|---|
| 05-21-20 | mtannen@tannenlaw.com rubeny23@hotmail.com | Re: Burning the midnight oil-litigation strategy in matters involving Kingston and Ferleger | Attorney-client |
| 05-26-20 | mtannen@tannenlaw.com rubeny23@hotmail.com lonnieybarra@yahoo.com | Re: Back in the saddle-Strategy before Judge Heneghan | Attorney-client |
| 05-28-20 | mtannen@tannenlaw.com rubeny23@hotmail.com lonnieybarra@yahoo.com | Summary-Defense strategy of YRY | Attorney-client |
| 06-05-20 | mtannen@tannenlaw.com lonnieybarra@yahoo.com tmaloy@tannenlaw.com arenson@tannenlaw.com | FW: CNTRST DEBT RECOVERY CORP. – 7033-165-9// Interesting-Backgrounds of opposing counsel | Attorney-client |
| 06-09-20 | mtannen@tannenlaw.com rubeny23@hotmail.com lonnieybarra@yahoo.com | Levenfeld-Resolving Golenia matter | Attorney-client |
| 06-09-20 through 06-10-20 | mtannen@tannenlaw.com rubeny23@hotmail.com lonnieybarra@yahoo.com | Re: Yolanda Ybarra Estate | Attorney-client |

11

| Date | Emails | Subject | Privilege |
|---|---|---|---|
| 06-09-20 | mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com<br>tmaloy@tannenlaw.com<br>arubeny23@hotmail.com<br>arenson@tannenlaw.com | Re: Centrust questions concerning Ferleger | Attorney-client |
| 06-10-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Monarch… Bennett….Monarch and Ferleger relationship | Attorney-client |
| 06-10-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Protective order- goals in discovery | Attorney-client |
| 06-10-20 through 06-12-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Monarch the link between Teitelbaum and Ferleger to the Monarch case. | Attorney-client |
| 06-13-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmaloy@tannenlaw.com<br>arenson@tannenlaw.com | Centrust Re Teitelbaum and Ferleger relationship | Attorney-client Work Product |
|  | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank of YRY Holdings | Attorney- 2010 L claims client |
| 06-24-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Insurance Trust & Constructive Fraud --- Golenia- strategy | Attorney-client |
| 06-30-20 through 07-01-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Re: v6 – Complaint preparation and drafting | Attorney-client Work Product |
| 07-12-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Now What…?- predictions, tactics and strategy for representation | Attorney-client |
| 07-12-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Kingston Sanctions- Settlement | Attorney-client |
| 07-13-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Re: Centrust Adverse claims | Attorney-client |

12

| | lonnieybarra@yahoo.com | | |
|---|---|---|---|
| 07-27-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust//Third Amended Proposed Timeline-litigation strategy | Attorney-client |
| 07-28-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank v. Ybarra//10 L 50077-preparation of memo to Judge Heneghan | Attorney-client |
| 07-29-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Motions pertaining to Rule 137 | Attorney-client |
| 07-29-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v. Ybarra (1/26/16 Court) [Teitelbaum's knowledge prior to receiver appointment | Attorney-client |
| 08-06-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | 2 points-issue to argue in hearing regarding assignments | Attorney-client |
| 08-06-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Centrust Bank NA v. Ybarra//10 L - briefing of pending motions | Attorney-client |
| 08-09-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | FW: Centrust Bank v. Ruben Ybarra//Case No. 2010 L 050077-drfating response to Feinberg email | Attorney-client |
| 08-17-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | global dollars-goal of acquiring judgments | Attorney-client |

13

| 08-17-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Judgment and settlement amounts, demands and offers | Attorney-client |
|---|---|---|---|
| 08-19-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank interactions with opposing counsel | Attorney-client |
| 08-21-2020 through 08-23-2020 | trodriguez@markoflaw.com<br>mtannen@tannenlaw.com<br>mgotkin@flash.net<br>HANNAH.JUROWICZ@bfkn.com<br>doug@markoflaw.com<br>ED.MALONE@bfkn.com<br>BruceT@visionrp.com<br>ericpferleger@sbcglobal.net<br>jmcmahon@centrustbank.com<br>lonnieybarra@yahoo.com<br>rubeny23@hotmail.com | FW: Centrust N.A. v. Ruben Ybarra 2010 L 050077- | Not privileged |
| 08-24-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com<br>jarenson@tannenlaw.com | Settlement Discussions/Counter-Demand | Attorney-client Work Product |
| 08-24-20 | dfeinberglaw@aol.com<br>mtannen@tannenlaw.com<br>ashapiro@fishercohen.com | RE: Settlement Discussions/Counter-Demand | Not privileged |
| 08-25-20 | dfeinberglaw@aol.com<br>mtannen@tannenlaw.com | RE: Settlement Discussions/Counter-Offer | Not privileged |
| 08-25-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Settlement Discussions/Counter-Demand | Attorney-client Work Product |
| 08-26-20 through 08-27-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | RE: To Do List—attorney client privileged communication — CONFIDENTIAL | Attorney-client Work Product |
| 08-25-20 through 08-26-20 | mtannen@tannenlaw.com<br>dfeinberglaw@aol.com | Re: discussions regarding settlement | Settlement |

14

| 09-07-20 | mtannen@tannenlaw.com<br>lonnieybarra@yahoo.com<br>cpilkington@pilkingtonlaw.com | Fwd: Revised Settlement Agreement | Attorney-client<br>Work Product |
|---|---|---|---|
| 09-08-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Draft ABS YRY Settlement Agreement September 2020 | Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | ABS YRY Settlement Agreement aw v.2 redline (9-9-20) | Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Draft ABS YRY Settlement Agreement September 2020 | Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>monica@gregstern.com | Settlement Agreement YRY aw v.1 redline (9-8-20) Confidential Attorney Client Privileged | Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Centrust/ABS drafts of proposed settlement agreement | Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Centrust Bank/ABS drafts of proposed settlement agreement | Attorney-client<br>Work product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Settlement Agreement YRY aw v.1 redline (9-8-20) Confidential Attorney Client Privileged | Attorney-client<br>Work Product |
| 09-09-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | ABS YRY Settlement Agreement aw v.2 redline (9-9-20) | Attorney-client<br>Work Product |
| 09-14-20 | mtannen@tannenlaw.com | RE: Settlement | Settlement |

15

| | monica@gregstern.com<br>dfeinberglaw@aol.com | | |
|---|---|---|---|
| 09-14-20 | mtannen@tannenlaw.com<br>monica@gregstern.com<br>dfeinberglaw@aol.com | RE: Settlement between YRY, BHA and ABS | Settlement |
| 09-15-20 | ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>monica@gregstern.commtannen@tannenlaw.com<br>lonnieybarra@yahoo.com | Emailing: Ybarra Release ABS (9-15-20) | Attorney-client<br>Work Product |
| 09-16-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>monica@gregstern.com | Centrust discussions concerning adding parties and signatories | Work Product |
| 09-16-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>monica@gregstern.com | Emailing: PTCV. Purchase Agreement of Judgment (9-15-20) | Work Product |
| 09-18-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>monica@gregstern.com<br>dfeinberglaw@aol.com | Centrust/ABS changes to release agreement | Work Product |
| 09-18-20 | mtannen@tannenlaw.com<br>dfeinberglaw@aol.com | Reply preparation of Release | Work Product |
| 10-08-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust// Redlined Notice of claim | Attorney-client |
| 10-13-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust prosed request to admit | Attorney-client |
| 10-13-20 through 10-14-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Fw: Centrust discovery requests | Attorney-client |
| 10-29-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | issues in discovery and tortious interference claims | Attorney-client |

16

| 11-03-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust v. Ybarra, et al; Case No. 10 L 050077-Bank's Motion to withdraw | Attorney-client |
|---|---|---|---|
| 11-03-20 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>tmeloy@tannenlaw.com<br>jarenson@tannenlaw.com | Re: Centrust v. Ybarra, et al; Case No. 10 L 050077-Bank's Motion to Withdraw | Attorney-client |
| 11-05-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank Motion to Withdraw discussion | Attorney-Ruben Ybarra // -Bank client |
| 11-20-20 | mindy@salyer.law<br>rubeny23@hotmail.com | DJJ v. Nedalva Settlement | Attorney-client |
| 11-20-20 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank N.A. v. Ruben Ybarra // 10L50077 | Attorney-client |
| 12-16-20 through 12-17-20 | mindy@salyer.law<br>rubeny23@hotmail.com<br>donaldjjones@yahoo.com<br>amanda@salyer.law<br>mtannen@tannenlaw.com | RE: DJJ Neldava deposition preparation and settlement issues | Attorney-client |
| 01-05-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com | Fw: Jonathan Strouse re Ybarra-scope of third party proceedings | Attorney-client |
| 01-13-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>ariel@weissberglaw.com | Update… client's proposed strategy for all matters | Attorney-client |
| 01-21-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | 1:30 Motion for Judicial Determination hearing strategy | Attorney-client |
| 02-04-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Re: RE: Preservation of emails | Attorney-client |

17

| 02-04-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Untitled-proceeding against Guerino | Attorney-client |
|---|---|---|---|
| 02-18-21 through 02-29-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>ariel@wesiberglaw.com<br>cpilkington@pilkingtonlaw.com | order (CNTRST Debt v. 7550 Kingston) discussion on settlement or proceedings | Attorney-client Settlement |
| 02-19-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Offense - preparation of complaint | Attorney-client |
| 02-24-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | Untitled-Broker information | Attorney-client |
| 03-03-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com | Re: Centrust Bank v. Ybarra // 2010L050077- subpeona requesting records | Attorney-client |
| 03-05-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | to do- progress relating to discovery | Attorney-client |
| 03-08-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust Bank v. Ybarra, et al. Case: 2 Respondents' Motion for Ext of Time and Notice of Motion) | Attorney-client |
| 03-09-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com<br>achung@teamwerks.com | Request for IT Assistance//Centrust v. Ybarra- consulting expert discussions | Attorney-client Work Product |
| 03-15-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: CenTrust Bank, N.A. v. Ruben Ybarra, et al. Case No. 2010 L 050-propos review Order and motion | Attorney-client |
| 03-18-21 through 04-05-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: stuff- proceeding on remaining subpoena's | Attorney-client |

| 03-24-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | updated to do list -strategy moving forward | Attorney-client |
| 04-05-21 | ariel@weissberglaw.com<br>wfactor@wfactorlaw.com | PTCV Development v. Ybarra, et al. – Case No. 10 L 50077 – Courtesy Copy | Settlement discussion |
| 04-06-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com<br>jarenson@tannenlaw.com | Re: Ferleger-enclosing documents to clients | Attorney-client |
| 04-08-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Heneghan-client's strategy to counsel | Attorney-client Work Product |
| 04-12-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: PTCV v. Ybarra- and Motion for Judicial Determination | Attorney-client |
| 04-15-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | End game -client instructions to counsel | Attorney-client |
| 04-17-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Update-client outline and instructions to counsel | Attorney-client |
| 04-20-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Centrust//K&P and Markoff Law-reviewing professional conduct of opposing counsel | Attorney-client |
| 04-20-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Email Search/Retention Protocol-retention N of expert | Network Description of expert |
| 04-21-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com | FW: Centrust v. Ybarra – | Attorney-client |

| | lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com<br>jarenson@tannenlaw.com | Arrangement<br>Letter | |
|---|---|---|---|
| 04-30-21 | mtannen@tannenlaw.com<br>ariel@weissberglaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>monica@gregstern.com<br>greg@gregstern.com<br>YbarraFamily5@outlook.com | FW:<br>PTCV.ProposedAg<br>reedOrder.3 aw<br>redline (4-30-21)<br>privileged<br>communication | Attorney-<br>client<br>Work Product |
| 05-02-21 | mtannen@tannenlaw.com<br>greg@gregstern.com;<br>monica@gregstern.com<br>rubeny23@hotmail.com<br>YbarraFamily5@outlook.com<br>lonnietbarra@yahoo.com<br>ariel@weissberglaw.com | agreed Order<br>YRY PTCV aw<br>v.3 redline (5-1-<br>21) | Attorney-<br>client<br>Work Product |
| 05-02-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com | PTCV v.<br>Ybarra//10 L<br>50077//ATTOR<br>NEY CLIENT<br>COMMUNICAT<br>ION- provisions<br>requested to be<br>part of order | Attorney-<br>client<br>Work Product |
| 05-03-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>tmeloy@tannenlaw.com | Cover letter-<br>discussion<br>concerning draft<br>letter to Greg<br>Stern | Attorney-<br>client |
| 05-05-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>mgotkin@flash.net | FW: Legal<br>billing for April,<br>2021 | Attorney-<br>client |
| 05-11-21 | mtannen@tannenlaw.com<br>YbarraFamily5@outlook.com<br>lonnieybarra@yahoo.com<br>tmeloy@tannenlaw.com | PTCV/Ybarra<br>malicious<br>prosecution<br>proceeding<br>against opposing<br>counsel | Attorney-<br>client |
| 05-13-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | RE: Ybarra<br>strategy of<br>proceeding | Attorney-<br>client |
| 08-08-21 | mtannen@tannenlaw.com<br>rubeny23@hotmail.com<br>lonnieybarra@yahoo.com | Re: Heneghan<br>strategy of<br>proceeding | Attorney-<br>client |

**RUBEN YBARRA, YRY HOLDINGS, LLC,
and BOULDER HILL APARTMENTS, LLC,**
Defendants


By:_____/s/ Ariel Weissberg_____
   One of their attorneys


Ariel Weissberg, Esq. (No. 03125591)
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

21

# EXHIBIT D

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A. | ) | |
| | ) | Case No. 21-cv-02576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC | ) | Hon. Magistrate Judge Maria Valdez |
| and BOULDER HILL APARTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S, RUBEN YBARRA, ANSWER TO PLAINTIFFS' DOCUMENT REQUEST.

NOW COME Defendant, Ruben Ybarra ("Defendant"), by their attorneys, Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and Christopher V. Langone of Langone Law LLC, and as *Defendant's, Ruben Ybarra, Answer to Plaintiffs' Document Requests,* state as follows:

### GENERAL OBJECTIONS

1.  Each of the following general objections is hereby fully incorporated into each and every response to the requests set forth below as if fully set forth therein at length. In providing these responses and objections, each Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) All objections as to relevancy, materiality and admissibility as evidence for any purpose any of the information requested; (b) All rights to object on any ground, at any time, to a demand for further response to the Requests or any other discovery requests or procedures involving or relating to the subject matter of the Requests responded to herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses provided herein.

2.  Each Defendant objects to each request to the extent that it calls for the disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or

1

the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3.    The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4.    Each Defendant objects to each request to the extent it is phrased in absolute terms.

5.    Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6.    Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7.    Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order

prior to the production of such documents or information.

8. Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

## DEFENDANT'S, RUBEN YBARRA, ANSWER TO PLAINTIFFS' DOCUMENT REQUEST.

1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena

3

Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2, 2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

11. All Documents Related To the Agreed Order entered in the State Court Case on May 20, 2020.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or

4

their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

13. All Documents Related To PTCV.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

14. All Documents sent to Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

15. All Documents received from Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

22. All Documents sent to ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

23. All Documents received from ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

6

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

31. All Documents received from Eric Ferleger or any business that he provided services to.

7

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

36. All Documents related to the management of BHA.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

37. All Documents Related To the State Court Case.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

8

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

41. All Documents relating to the prosecution or defense of the Motion for Judicial Determination in the State Court Case.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

43. All Documents relating payment of the legal fees of PTCV or related to the formation, registration or operation of PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

45. All checks, wire transfers, or other financial or bank records relating to payments or

9

other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

10

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

**RUBEN YBARRA**, Defendant

By:_____
                 One of his attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

11

# VERIFICATION

I, Ruben Ybarra, under penalty of perjury and other penalties provided by law pursuant to 28 U.S.C. 1746 of the United States Code, certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

Ruben Ybarra

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 11, 2022, I caused to be served the foregoing ***Defendant's, Ruben Ybarra, Answer to Plaintiffs' Document Requests*** upon the following party by electronic transmission:

Adam Brent Rome, Esq.
Zachary Mulcrone, Esq.
Greiman Rome & Griesmeyer LLC
205 West Randolph, Suite 2300
Chicago, IL 60606
Email: arome@grglegal.com; zmulcrone@grglegal.com

---

Ariel Weissberg

12

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A. | ) | |
| | ) | Case No. 21-cv-02576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC | ) | Hon. Magistrate Judge Maria Valdez |
| and BOULDER HILL APARTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT'S, YRY HOLDINGS, LLC, ANSWER TO PLAINTIFFS'**

**DOCUMENT REQUEST.**

NOW COME Defendant, YRY HOLDINGS, LLC ("Defendant"), by their attorneys, Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and Christopher V. Langone of Langone Law LLC, and as *Defendant's, YRY HOLDINGS, LLC, Answer to Plaintiffs' Document Requests,* state as follows:

**GENERAL OBJECTIONS**

1.     Each of the following general objections is hereby fully incorporated into each and every response to the requests set forth below as if fully set forth therein at length. In providing these responses and objections, each Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) All objections as to relevancy, materiality and admissibility as evidence for any purpose any of the information requested; (b) All rights to object on any ground, at any time, to a demand for further response to the Requests or any other discovery requests or procedures involving or relating to the subject matter of the Requests responded to herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses provided herein.

2.     Each Defendant objects to each request to the extent that it calls for the disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or

1

the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3. The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Each Defendant objects to each request to the extent it is phrased in absolute terms.

5. Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6. Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7. Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order

prior to the production of such documents or information.

8. Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

## DEFENDANT'S, YRY HOLDINGS, LLC, ANSWER TO PLAINTIFFS' DOCUMENT REQUEST.

1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena

3

Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2, 2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

11. All Documents Related To the Agreed Order entered in the State Court Case on May 20, 2020.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or

4

their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

13. All Documents Related To PTCV.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

14. All Documents sent to Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

15. All Documents received from Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

22. All Documents sent to ABS.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

23. All Documents received from ABS.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

6

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

31. All Documents received from Eric Ferleger or any business that he provided services to.

7

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

36. All Documents related to the management of BHA.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

37. All Documents Related To the State Court Case.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

8

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

41. All Documents relating to the prosecution or defense of the Motion for Judicial Determination in the State Court Case.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

43. All Documents relating payment of the legal fees of PTCV or related to the formation, registration or operation of PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

45. All checks, wire transfers, or other financial or bank records relating to payments or

9

other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

**YRY HOLDINGS, LLC**, Defendant

By:_____
    One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

11

**VERIFICATION**

I, Ruben Ybarra, under penalty of perjury and other penalties provided by law pursuant to 28 U.S.C. 1746 of the United States Code, certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

Ruben Ybarra

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 11, 2022, I caused to be served the foregoing **Defendant's, YRY HOLDINGS, LLC, Answer to Plaintiffs' Document Requests** upon the following party by electronic transmission:

Adam Brent Rome, Esq.
Zachary Mulcrone, Esq.
Greiman Rome & Griesmeyer LLC
205 West Randolph, Suite 2300
Chicago, IL 60606
Email: arome@grglegal.com; zmulcrone@grglegal.com

_____
Ariel Weissberg

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CENTRUST BANK, N.A. | ) | |
| | ) | Case No. 21-cv-02576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC | ) | Hon. Magistrate Judge Maria Valdez |
| and BOULDER HILL APARTMENTS, LLC | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT'S, BOULDER HILL APARTMENTS, LLC, ANSWER TO
### PLAINTIFFS' DOCUMENT REQUEST.

NOW COME Defendant, BOULDER HILL APARTMENTS, LLC ("Defendant"), by their attorneys, Ariel Weissberg and Rakesh Khanna of the law office of Weissberg and Associates, Ltd, and Christopher V. Langone of Langone Law LLC, and as *Defendant's, BOULDER HILL APARTMENTS, LLC, Answer to Plaintiffs' Document Requests,* state as follows:

### GENERAL OBJECTIONS

1. Each of the following general objections is hereby fully incorporated into each and every response to the requests set forth below as if fully set forth therein at length. In providing these responses and objections, each Defendant does not in any way waive, or intend to waive, but rather intends to preserve and is preserving: (a) All objections as to relevancy, materiality and admissibility as evidence for any purpose any of the information requested; (b) All rights to object on any ground, at any time, to a demand for further response to the Requests or any other discovery requests or procedures involving or relating to the subject matter of the Requests responded to herein; and (c) the right at any time to revise, correct, supplement, or clarify any of the responses provided herein.

2. Each Defendant objects to each request to the extent that it calls for the disclosure of documents, communications, or information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or doctrine, or to the extent that it seeks the disclosure of information or documents that each Plaintiff is required to maintain in confidence pursuant to an agreement with a third party, or otherwise is protected under the law from disclosure. The inadvertent production of information or documents subject to any claim of privilege or the work-product doctrine shall not be deemed a waiver of any claim of privilege or

1

the work-product doctrine as to such document or the subject matter thereof, and each Defendant hereby asserts the right to demand the return of any and all copies of any such document(s) inadvertently produced in this proceeding.

3. The extent that any request or Response is read to embrace more than the information that each Defendant states it will provide, each Defendant objects to each such request on the grounds that: it is vague, ambiguous, and overbroad; (ii) it calls for the production of documents that are or information that is irrelevant to the subject matter of this action and not reasonably calculated to lead to discovery of admissible evidence; (iii) compliance would be unduly burdensome and oppressive; and (iv) providing the responsive information would not be proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

4. Each Defendant objects to each request to the extent it is phrased in absolute terms.

5. Where an request or other request asks for all information or documents on a particular subject, each Defendant, in answering, will undertake to supply only information and documents reasonably locatable and known to them at the time of the responses and will not undertake any obligation, express or implied, to represent that the response includes all of the information or documents that may exist. Each Defendant answers these requests based on the best of its present knowledge, information, and belief. Each Defendant's responses are at all times subject to such additional or different information that discovery and further investigation may disclose. Each Defendant reserves the right to amend, modify, supplement, and/or withdraw these answers and objections to the full extent permitted by law.

6. Each Defendant objects to each and every request to the extent it seeks information or documents not relevant to any parties' claims or defenses. Now that the Court has dismissed Counts I and II of each Defendant's Complaint, the only remaining claim in this case is each Defendant's abuse of process claim in Count III. The issues relevant to that claim are (a) Defendants' conduct in the supplementary proceeding after the date on which the judgment was assigned to ABS, (b) Defendants' motivation for their conduct in the supplementary proceeding after the date on which the judgments were assigned to ABS, (c) the relationships among the Defendants, their agents, their affiliates, and their attorneys, and (d) each Defendant's damages.

7. Each Defendant objects to each and every request to the extent that it seeks confidential or proprietary business information, trade secrets, or confidential personnel information of Defendants or their employees or customers, which would require the entry of a protective order

2

prior to the production of such documents or information.

    8.    Each Defendant reserves all evidentiary objections, including relevancy and materiality, and its answers, and any production or identification of documents included in those answers, shall neither waive nor prejudice any objections each Defendant may herein or later assert, including, inter alia, objections as to the admissibility of any documents or category of documents at trial.

## DEFENDANT'S, BOULDER HILL APARTMENTS, LLC, ANSWER TO PLAINTIFFS' DOCUMENT REQUEST.

    1. All Documents reviewed or used in connection with responding to these Discovery Requests.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

    2. All Documents You intend to use or introduce at the trial of the Case.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

    3. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling on the Motion for Judicial Determination.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

    4. All Documents Related To any contention, by You or any other Person, that PTCV was going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

    5. All Documents Related To any contention, by You or any other Person, that PTCV was not going to seek a ruling from Judge Heneghan on the Motion for Judicial Determination.

**ANSWER: None at this time. Investigation continues. Defendant reserves a right to supplement.**

    6. All Documents Related To Plaintiffs' and Markoff Law's Memorandum of Subpoena

Respondents Regarding Motion for Sanctions Against PTCV, Judgment Debtor and Adverse Claimants.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

7. All Documents Related To the December 8, 2020, motion filed by CNTRST Debt Recovery and others that was captioned "Subpoena Respondents' Motion for Protective Order and/or to Quash Subpoena."

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

8. All Documents Related To the April 2, 2021, motion filed by CNTRST Debt Recovery and others in the State Court Case that was captioned "Motion for Rule 219 Sanctions for Abusive Subpoenas."

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

9. All Documents concerning the issues described in CNTRST Debt Recovery's April 2, 2021 "Motion for Rule 219 Sanctions for Abusive Subpoenas" in the State Court Case.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

10. All Documents Related To the Order entered in the State Court Case on May 4, 2021.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

11. All Documents Related To the Agreed Order entered in the State Court Case on May 20, 2020.

**ANSWER:** **None at this time. Investigation continues. Defendant reserves a right to supplement.**

12. All Documents to or from any entity other than Ariel Weissberg or Chris Langone (or

4

their firms) that Refer To, discuss or mention the filing of the Complaint in this case.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

13. All Documents Related To PTCV.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

14. All Documents sent to Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

15. All Documents received from Tannen.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

16. All Documents sent to Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

17. All Documents received from Ariel Weissberg, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

18. All Documents sent to Michael Gotkin, including his law office or any person in his law office.

5

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

19. All Documents received from Michael Gotkin, including his law office or any person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

20. All Documents sent to Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

21. All Documents received from Gregory Stern or Monica O'Brien, including any person in their law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

22. All Documents sent to ABS.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

23. All Documents received from ABS.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

24. All Documents sent to Dennis Feinberg, or any Person in his law office.

6

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

25. All Documents received from Dennis Feinberg, or any Person in his law office.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

26. All Documents sent to Edward Malone or any other lawyer in his firm.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

27. All Documents received from Edward Malone or any lawyer in his firm.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.**

28. All Documents sent to T2 Boulder Hill Montgomery LLC.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

29. All Documents received from T2 Boulder Hill Montgomery LLC.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

30. All Documents sent to Eric Ferleger or any business that he provided services to.

**ANSWER:** **Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

31. All Documents received from Eric Ferleger or any business that he provided services to.

7

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

32. All Documents sent to Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

33. All Documents received from Alan Redzic, Tia Brasniac, or Real Realty.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

34. All Documents, including monthly or annual statements, from 2015 to the present, Related To a financial account in the name of any of the Defendants.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

35. All of Your Tax Returns from 2010 to the present, including the tax returns of any affiliate or entity in which You have an interest.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

36. All Documents related to the management of BHA.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

37. All Documents Related To the State Court Case.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

38. All Documents Related To or filed in litigation where Boulder Hill Condominium Association is a party, including, but not limited to, the case captioned Boulder Hill Condominium Association v. Terry Scarbeary.

8

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

39. All Documents and or drafts Relating To any draft complaint against Centrust.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Defendant further objects to this request to the extent it seeks any documents protected by the attorney-client privilege or work product doctrine. Investigation continues.

40. All Documents sent to PTCV or received from PTCV or any person or entity owning a direct or indirect interest in PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

41. All Documents relating to the prosecution or defense of the Motion for Judicial Determination in the State Court Case.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

42. All emails referring to PTCV in the subject line or the body of the email.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

43. All Documents relating payment of the legal fees of PTCV or related to the formation, registration or operation of PTCV.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

44. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER:** Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.

45. All checks, wire transfers, or other financial or bank records relating to payments or

other financial transactions intended to be sent to or actually sent to PTCV.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

46. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to ABS.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

47. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Tannen.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

48. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Gregory K. Stern and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

49. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Ariel Weissberg and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

50. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Michael S. Gotkin and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

51. All checks, wire transfers, or other financial or bank records relating to payments or other financial transactions intended to be sent to or actually sent to Edward Malone and/or his law firm.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

52. All Documents concerning Your interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which You hold any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

53. All Documents concerning Yolanda's interest in each and every company, corporation, limited-liability company, partnership, trust, or other entity in which Yolanda holds any direct or indirect ownership, management, membership, or beneficiary interest.

**ANSWER: Defendant objects to this request as overly broad, unduly burdensome, and vague. Investigation continues. Defendant reserves a right to supplement.**

**BOULDER HILL APARTMENTS, LLC,**
Defendant

By:_____
      One of its attorneys

Ariel Weissberg, Esq. (No. 03125591)
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
T. 312-663-0004
F. 312-663-1514
Email: ariel@weissberglaw.com

11

## VERIFICATION

I, Ruben Ybarra, under penalty of perjury and other penalties provided by law pursuant to 28 U.S.C. 1746 of the United States Code, certify that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

Ruben Ybarra

## CERTIFICATE OF SERVICE

I, Ariel Weissberg, an attorney, certify pursuant to Section 1-109 of the Code of Civil Procedure, that on May 11, 2022, I caused to be served the foregoing *Defendant's, BOULDER HILL APARTMENTS, LLC, Answer to Plaintiffs' Document Requests* upon the following party by electronic transmission:

Adam Brent Rome, Esq.
Zachary Mulcrone, Esq.
Greiman Rome & Griesmeyer LLC
205 West Randolph, Suite 2300
Chicago, IL 60606
Email: arome@grglegal.com; zmulcrone@grglegal.com


_____
Ariel Weissberg

# EXHIBIT E

**Adam Rome**

| | |
|---|---|
| **From:** | Adam Rome |
| **Sent:** | Wednesday, June 15, 2022 4:49 PM |
| **To:** | Ariel Weissberg |
| **Cc:** | William J. Factor (wfactor@wfactorlaw.com); April Bernath |
| **Subject:** | Joint Motion to Compel |
| **Attachments:** | Joint Discovery Motion v4.docx |

Ariel,

Attached is our Joint Motion to Compel. We would like to file the Motion on Monday. Please add Defendants' responses to pages 4 and 5.

Adam



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals.

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

# EXHIBIT F

## Adam Rome

| | |
|---|---|
| **From:** | Adam Rome |
| **Sent:** | Monday, June 20, 2022 1:58 PM |
| **To:** | Ariel Weissberg (ariel@weissberglaw.com) |
| **Cc:** | William J. Factor (wfactor@wfactorlaw.com); April Bernath |
| **Subject:** | RE: Joint Motion to Compel |

Ariel,

Centrust has not hear back from you regarding our correspondence from Wednesday below.  Please let us know when we can expect to receive your clients' response.  We would like to file this Motion later today.

Adam



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals.

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

# EXHIBIT G

## Adam Rome

| | |
|---|---|
| **From:** | Ariel Weissberg <ariel@weissberglaw.com> |
| **Sent:** | Monday, June 20, 2022 3:16 PM |
| **To:** | Adam Rome |
| **Cc:** | William J. Factor (wfactor@wfactorlaw.com); April Bernath |
| **Subject:** | RE: Joint Motion to Compel |

I am reviewing the proposed motion. If you file it unilaterally, you will have to explain to the Court why you violated the standing Order. I will have my potion completed by Weds.

Ariel Weissberg, Esq.
Weissberg and Associates, Ltd.
564 W. Randolph Street, 2nd Floor
Chicago, Illinois  60661
T. 312-663-0004
F. 312-663-1514
E.  ariel@weissberglaw.com
VCard | Email | http://www.weissberglaw.com

CONFIDENTIALITY NOTE: This e-mail and any attached files are confidential and are intended solely for the use of the individual or entity to who they are addressed. This communication may contain information protected by the attorney-client privilege or other privileges. If you are not the intended recipient, you are hereby notified that any viewing, copying, disclosure or distribution of this communication is prohibited. If you received this transmission in error, please contact the sender, by electronic mail or telephone at (312)663-0004, and delete the material from your computer without making any copies. Neither this information block, the typed name of the sender, nor anything else in this message, is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message.  Any communication by e-mail to or from a client of Weissberg and Associates, Ltd. is subject to attorney-client privilege.

CIRCULAR 230 DISCLOSURE: As required by United States Treasury Regulations, any tax advice contained in this communication (including attachments) is not intended or written to be used, and cannot be used, by any taxpayer for the purpose of avoiding tax penalties or promoting, marketing or recommending to another party the matter or transaction addressed herein.

# EXHIBIT H

**Adam Rome**

| | |
|---|---|
| **From:** | Adam Rome |
| **Sent:** | Tuesday, June 28, 2022 10:33 AM |
| **To:** | 'Ariel Weissberg' |
| **Cc:** | William J. Factor (wfactor@wfactorlaw.com); April Bernath |
| **Subject:** | RE: Joint Motion to Compel |

Ariel,

Centrust has provided your clients with more than enough time to respond to the Motion to Compel. We will let the Court know that your clients' chose not to participate in the joint motion.

It is unfortunate that it has come to this, but my client must move forward with its case.

Adam



**GREIMAN, ROME & GRIESMEYER, LLC**
business advisors. litigation professionals.

**Adam B. Rome**
205 West Randolph Street, Suite 2300
Chicago, Illinois 60606
Direct: (312)428-2740
Fax: (312)332-2781
Cell: (847)373-7663
arome@grglegal.com
www.grglegal.com

This message (and any associated files) is intended only for the use of the individual or entity to which it is addressed and may contain information that is confidential, subject to copyright or constitutes a trade secret. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this message, or files associated with this message, is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.