IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CENTRUST BANK, N.A, | ) | |
| | ) | Case No. 21-cv-02576 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Judge Sara L. Ellis |
| | ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC and BOULDER HILL APARTMENTS, LLC | ) ) ) ) | Hon. Magistrate Judge Maria Valdez |
| Defendants. | ) ) | |
| _____ | ) ) | |
| RUBEN YBARRA, YRY HOLDINGS, LLC and BOULDER HILL APARTMENTS, LLC, | ) ) ) ) | |
| Counter-Plaintiffs, | ) ) | |
| v. | ) ) | |
| CENTRUST BANK, N.A, | ) | |
| Counter-Defendant | ) ) | |
| and | ) ) | |
| CNTRST DEBT RECOVERY, LLC, BRUCE TEITELBAUM | ) ) | |
| Third-Party Defendants. | ) | |

**DEFENDANT'S MOTION FOR LEAVE TO FILE COUNTERCLAIMS
AND THIRD-PARTY CLAIMS[1]**

NOW COME Defendants Ruben Ybarra ("Ybarra"), YRY Holdings, LLC ("YRY") and Boulder Hill Apartments, LLC ("BHA") (collectively, "Defendants"), by their attorneys,

---

[1] CNTRST Debt Recovery and Bruce Teitelbaum are Plaintiffs in case 21-02702, which has been re-assigned to this Court on the basis of relatedness. Rather than assert two counter-claims in both 21-02576 and 21-02702, Defendants seek leave to file one counter-claim that names CNTRST and Teitelbaum as Third-Party Defendants.

1

Christopher V. Langone of Langone Law LLC, and as *Defendants' Motion for Leave to file Counterclaims and Third-Party Claims*, state as follows:

1. Defendants seek leave to amend their Answer and file the Counterclaims and Third-Party Complaint (collectively "Counterclaims") attached hereto as **Exhibit 1.**

2. A motion for leave to file a counterclaim is governed by Federal Rule of Civil Procedure 15(a)(2), which provides that leave to amend pleadings shall be freely given "when justice so requires." *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014).

3. Leave to amend should be granted unless there is "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, or where an amendment would be futile. *Id*. see also Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008). Indeed, "[t]he Supreme Court has interpreted this rule to *require* a district court to allow amendment unless there is a good reason" present in the form of those factors mentioned above. *Life Plans, Inc. v. Sec. Life of Denver Ins. Co.*, 800 F.3d 343, 357-58 (7th Cir. 2015) (emphasis added); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) ("However, while a court may deny a motion for leave to file an amended [pleading], such denials are disfavored.").

4. Prejudice to the opposing party is the most important factor in determining whether to allow an amendment to pleadings. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-331 (1971). Here, there is no conceivable prejudice. No oral discovery has yet been taken, and the written discovery propounded applies equally to the underlying claim and the proposed Counterclaims. There will be no need to extend any deadlines, and the parties are the same. There will be no undue delay to resolution on the merits.

5. Indeed, even if there is some delay, "[D]elay by itself is normally an insufficient reason to deny a motion for leave to amend. ... Delay must be coupled with some other reason.

Typically that reason...is prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004); *see also Liebhart v. SPX Corp.*, 917 F.3d 952, 965 (7th Cir. 2019); *Life Plans, Inc.*, 800 F.3d at 358.

6. Although CNTRST Debt Recovery and Bruce Teitelbaum are styled as "Third-Party Defendants" they are not "new" parties. This is because they are also Plaintiffs in a separate suit that was consolidated. Rather than assert two counter-claims, on in each case, Defendants seek leave to file one counter-claim in the lower numbered case and simply style CNTRST and Teitelbaum as Third-Party Defendants.

7. The proposed amendment states a claim and amendment is not futile. Rule 15(a) strongly favors a liberal policy of granting leave to amend pleadings absent certain exceptional circumstances. *Life Plans, Inc.*, 800 F.3d at 357-58. Such circumstances are not present here and the proposed amendments are not futile or brought in bad faith. Most importantly, Plaintiff would not be unduly prejudiced by the amendment. *See Dubicz.*, 377 F.3d at 793; *Trading Technologies International v. Ibg Llc & Interactive Brokers Llc*, No. 10 CV 715, 2019 U.S. Dist. LEXIS 240256, at *7 (N.D. Ill. Aug. 30, 2019).

WHEREFORE Defendants Ruben Ybarra ("Ybarra"), YRY Holdings, LLC ("YRY") and Boulder Hill Apartments, LLC ("BHA") respectfully request this Court grant leave to amend their Answer and file the Counterclaims and Third-Party Complaint (collectively "Counterclaims") attached hereto as **Exhibit 1.**

                                              Respectfully Submitted,
                                              /s/ Christopher V. Langone
                                              Counsel for Defendants

Christopher V. Langone
205 North Michigan Ave., Suite 810
Chicago, IL 60601
(312) 720-9191
Chris@LangoneLaw.com